## CHARLIE JACOBS v. THE STATE.

### No 834.  Decided February 5th, 1896.

**1.  Justice of the Peace—Jurisdiction—Exhibiting a Gaming Bank.**

A Justice of the Peace has no jurisdiction to try an offense where imprisonment in the county jail is part of the penalty, as is provided in cases of exhibiting a gaming bank for purposes of gaming.

**2.  Grand Jury—Memorandum of Indictments Found.**

Art. 411, Code of Crim. Proc., which provides that the foreman of the grand jury shall make a memorandum of the bills of indictment found by said jury, for the purpose of enabling the prosecuting attorney to write the indictments, is directory merely, and does not require that all the testimony, or any part thereof, upon which the bill is found, shall be set down by the foreman, secretary, or any member of the grand jury upon their docket.

**3.  Same—Inquiry as to Evidence Before the Grand Jury.**

It is not competent for the trial court, upon a motion or plea to the jurisdiction, to inquire into the evidence or sufficiency of the evidence upon which a grand jury may have found and presented a bill of indictment. Following, Terry v. State, 15 Tex. Crim. App., 66.

**4.  Indictment—Indorsing Names of Witnesses Thereon.**

Where the indictment is not indorsed with the names of the witnesses upon whose testimony it was found, it is competent for the defendant, by proper motion, to require this to be done by the prosecuting attorney.

**5.  Grand Jury—Secrecy of Their Proceedings.**

The presentation by a grand jury, in a body in the District Court, of an indictment found by them, precludes an investigation into their methods of procedure in voting upon and finding the same. The proceedings of a grand jury are to be kept secret and exempt from investigation, except as to the cases enumerated in Arts. 384 and 523, Code Crim. Proc.

**6.  Abbreviations.**

"Jan'y" is the usual abbreviation for the word "January."

APPEAL from the County Court of Dallas. Tried below before Hon. T. F. NASH, County Judge.

This appeal is from a conviction for exhibiting a gaming bank for purposes of gaming, the punishment assessed being a fine of $50 and ten days' imprisonment in the county jail.

No statement of the facts necessary.

The opinion fully states the questions involved on the appeal.

*Oeland & Smith* and *Martin W. Littleton*, for appellant, cited Code Crim. Proc., Arts. 411 to 414, and Arts. 3 and 4, 523, 525; Lott v. State, 18 Tex. Crim. App., 627; McNeese v. State, 19 Tex. Crim. App., 49; Williams v. State, 20 Tex. Crim. App., 357; 3 Bish. (new) Crim. Proc., § 857; Wharton v. State, 63 N. C., 595.

As to the indorsement of the names of the witnesses upon the indictment, they cited Skipworth & Boles v. State, 8 Tex. Crim. App., 135.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, Judge.—The appellant in this case was tried for exhibiting a gaming bank for the purpose of gaming, was convicted, and his punishment assessed at a fine of $50 and ten days' imprisonment in the county jail, and from the judgment of the lower court he prosecutes this appeal. The appellant suggests as a reason why this case should be reversed that there was no order transferring the case or indictment and proceedings in the case from the Criminal District Court to the County Court. The record does not bear out the contention of the appellant in this regard. The case was transferred from the District Court to the County Court of Dallas County. The appellant complains that it should have been transferred to a justice of the peace's court of precinct No. 1 of said county, the offense having transpired within the corporate limits of a city. It is sufficient answer to this proposition to say that the justice of the peace court had no jurisdiction of this offense, inasmuch as imprisonment in the county jail was a part of the penalty. The appellant further contends that the court had no jurisdiction of this cause, because there is not, and never had been, a valid indictment returned against defendant in said court, because he alleges: (1) "That the grand jury purporting to return this bill never furnished the County Attorney of Dallas County, Texas, with a memorandum, as required by law, stating the name of the defendant, the nature of the offense, the time and place of its commission, and the names of the witnesses on whose testimony the accusation is sustained. (2) Because the grand jury purporting to return this bill of indictment never voted to find a bill of indictment in this cause, and because nine members of the grand jury did not concur in finding this bill of indictment, and because no vote was taken by said grand jury as to the presentment of a bill of indictment against this defendant. (3) Because certain persons not authorized by law were present when the grand jury were deliberating on the accusation against this defendant." This was presented to the court in the shape of a motion, and in support of the motion the entries of the grand jury docket by the secretary thereof

were introduced. These entries contain the name of the defendant, nature of the offense, and contain the memorandum of ten bills. In connection therewith it was shown by one of the grand jurors, that no other entry was made, and that they voted once to find ten bills against the defendant for exhibiting games. No entry was made as to dates, and the testimony further showed that the evidence was sufficient to authorize the finding of the ten bills against the defendant for exhibiting a gaming table for the purpose of gaming. No evidence was offered in support of the allegation that nine members of the grand jury did not concur in finding said bills; nor was there any evidence introduced showing that any person, not authorized, was in the grand jury room while they were there deliberating or voting on the indictments. As to the memorandum on the docket of the grand jury, that the same was insufficient, etc., to authorize the finding of an indictment, we do not think the point well taken. Code Crim. Proc., Art. 411, states that after the grand jury finds a bill the foreman shall make a memorandum of the same for the purpose of enabling the attorney who represents the State to write the indictment. We do not understand this article to mean that all of the testimony, or any part thereof, upon which the bill is found, is required to be set down by the foreman, the secretary, or any member of the grand jury. We hold it to be directory merely, and for the benefit of the prosecuting attorney to enable him to draft the bill. Nor is it competent for the court to entertain an inquiry in this manner into the evidence, or sufficiency thereof, upon which the grand jury may have found and presented a bill of indictment. See Terry v. State, 15 Tex. Crim. App., 66. As to the indorsement on the bill of indictment of the names of the witnesses, if this was not done, it was competent for the defendant to make a motion to require the prosecuting attorney to indorse them. This was not done, nor is it shown that the indictment did not contain the names of the witnesses indorsed on the back thereof. See Willson's Crim. Stat., § 1940. As to the contention that the grand jury voted but once on finding the ten bills, if this were a matter that could be inquired into, we see no objection to this course. The evidence shows that there was sufficient evidence on which to find the ten bills, and their procedure as to voting upon the bills is merely incidental. The presentation by the grand jury, in a body, into the District Court, of the bills of indictment in this case, precludes an investigation into the methods of procedure pursued by them in finding the bills. Under our system of procedure, the proceedings of the grand jury are to be kept profoundly secret, and exempt from investigation, except in cases enumerated in Articles 384 and 523, Code Crim. Proc. There is nothing in the contention of appellant that the indictment fails to show that it was returned into the Criminal District Court of Dallas County, Texas, at the January term, 1895. "Jan'y" is the usual abbreviation for "January." The judgment in this case is affirmed.

*Affirmed.*