### W. L. CONNALLY v. THE STATE.

No. 6474.   Decided November 16, 1921.

**1.—Fraudulent Selling of Mortgaged Property—Plea of Guilty—Written Charge—Harmless Error.**

In a felony case a written charge to the jury is made essential, and the error in failing to comply is fundamental.   However, where the defendant pleaded guilty, and received the lowest punishment, the error in not giving a written charge to the jury is harmless error.   Following Doans v. State, 37 S. W. Rep., 751.

**2.—Same—Indictment—Assignee—Debt—Vital Part—Pleading—Mortgage.**
    Where, upon trial of the fraudulent disposition of mortgaged property,
the indictment failed to allege that the assignee of the mortgage acquired
the debt from the original mortgagee, against whom the alleged intent to in-
jure was directed, the indictment was bad on motion in arrest of judgment,
as the indebtedness which the mortgage is made to secure is the vital part.

Appeal from the District Court of Reeves. Tried below before the
Honorable Chas. Gibbs.

Appeal from a conviction of a fraudulent disposition of mortgaged
property; penalty, two years imprisonment in the penitentiary.

*Ben Palmer,* for appellant.—On question of written charge: Carr
v. State, 5 Texas Crim. App., 153; McClain v. State, 30 id., 482, and
cases cited in opinion.

On question of insufficient indictment: Wallace et al. v. Bagley et
al. 26 S. W. Rep., 519.

*R. G. Storey,* Assistant Attorney General for the State.—Cited cases
in opinion.

MORROW, PRESIDING JUDGE.—Conviction is for the fraudulent dis-
position of mortgaged property; punishment fixed at confinement in the
penitentiary for a period of two years.

A plea of guilty was entered. No written charge was given the jury.
The offense was punishable by confinement in the penitentiary for not
less than two nor more than five years. A written charge to the jury
is made essential in all felony cases. Code of Crim. Proc., Art. 735,
737a, and 740. The error in failing to comply is fundamental. Wil-
liams v. State, 18 Texas Crim. App., 409; West v. State, 2 Texas Crim.
App., 209; White's Ann. Texas Penal Code, Sec. 793; Willson's Ann.
Code of Crim. Proc., Art. 680, Sec. 2356; Wooddall v. State, 126 S. W.
Rep., 592. The error, to require a reversal, must be calculated to in-
jure the rights of the accused or militate against a fair and impartial
trial. Under a plea of guilty, the evidence is conclusively admitted to
be sufficient to support the conviction. Doans v. State, 37 S. W. Rep.,
751. This being true, and the lowest punishment having been assessed,
the injurious effect of the error is apparently excluded.

In the indictment it is charged that on the 8th day of July appellant
executed to A. M. Warren a mortgage on the property described; that
before it was sold by appellant, the mortgage, which was valid, sub-
sisting and unsatisfied, had been transferred to the Citizens State Bank
of Toyah, Texas, and that at the time of the sale said bank was the
owner and holder of the said mortgage, which is set out in *haec verba*
and cantains the following declaration:

"This conveyance, however, is intended as a mortgage, I being in-
debted to the said A. M. Warren in the sum of ($235.00) Two hundred
and thirty-five Dollars, as evidenced by a certain promissory note bear-

ing date 8 day of July A. D., 1920, and due 15 day of November A. D., 1920, and bearing interest at the rate of ten per cent per annum from maturity until paid, and payable to the order of THE TOYAH VALLEY STATE BANK and providing for usual ten per cent attorney's fees."

The sufficiency of the indictment is attacked, and we think, justly so, for the reason that it is made manifest by the indictment that the mortgage was made to secure a note, and not payable to Warren but to another party, namely, The Toyah Valley State Bank. Warren, according to the indictment, transferred the mortgage to the Citizens State Bank of Toyah, but so far as the averments disclose, the note has not been transferred and may still be the property of The Toyah Valley State Bank, which was not the party against which the alleged intent to injure was directed.

A mortgage is a lien and where given to secure a note, the transfer of the ownership of the note is followed by the mortgage. The indebtedness which the mortgage is made to secure is the vital part. Ruling Case Law, vol. 19, p. 347, sec. 120. Under the averments in the indictment in connection with the mortgage, which is set out therein, the Citizens State Bank of Toyah would have acquired nothing by the assignment of the mortgage by Warren unless it also acquired title to the indebtedness which the mortgage secured, which indebtedness was evidenced by a note payable to the Toyah Valley State Bank. In the absence of averment showing the acquisition of the debt by the Citizens State Bank, we think the indictment was obnoxious to the criticisms directed against it, and that the court should have sustained appellant's motion in arrest of judgment.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*