## A. A. DAVIS V. THE STATE.

### No. 8705.   Delivered June 10, 1925.

### Rehearing denied June 24, 1927.

**1.—Perjury—Indictment—Held Sufficient.**

Where, on his trial for perjury, appellant moved to quash the indictment on the ground that his testimony, given before the grand jury, was not material to the matter under investigation, which was an assault, with deadly weapons, committed upon one Burleson. The testimony of appellant before the body, was directly connected with an incident occurring prior to the assault which tended to identify appellant and other parties being investigated with said assault, and the materiality of his testimony was sufficiently averred.

**2.—Same—Continued.**

Branch's Ann. P. C., Sec. 840, p. 475, correctly announces the law in the statement: "The materiality of the alleged false statement is sufficiently alleged, if it simply avers that it was material to the issue, and if such warrant is made, it is not necessary that the allegations of the indictment show how such statements became material. Citing Massie v. State, 5 Tex. Crim. App. 81, and other cases.

**3.—Same—Bill of Exception—Qualified by Court—No Error Shown.**

Where appellant complains of proof of his statements made before a grand jury, because under duress at the time, and the court qualifies his bill with the statement that he was not under arrest had not been, nor was thereafter during the term of said court, he is bound by this qualification, and no error is shown.

**4.—Same—Evidence—Held Material—Properly Admitted.**

There was no error in permitting the assaulted party Burleson to testify as to the assault committed upon him, the notice served upon him, and the statements made to him by appellant, prior to the assault, and that he had never received any other notice, except the one given by appellant. All of this testimony was pertinent and material to the matter under investigation by the grand jury, and was properly admitted.

**5.—Same—Election by State—Charge of Court—No Error Shown.**

Where the court in his charge submitted but two of several counts contained in the indictment, there was no error in refusing to require the state to elect upon which count in the indictment it would rely for a conviction.

**6.—Same—Charge of Court—On Grand Jury Investigation—No Error Shown.**

There was no error in the court's failure to submit in his charge the character, nature and scope of the grand jury investigation at the time appellant testified before that body, and the materiality of his statements. Appellant did not testify on his trial nor introduce any testimony controverting the state's case, in· the absence of which the charge of the court protected all of the rights of appellant. See Art. 743 (old code). Robinson v. State, 91 S. W. 578, and many other cases cited.

### ON REHEARING.

**7.—Same—Charge of Court—Uncontroverted Fact—Failure to Submit—No Error.**

On rehearing, appellant insists that the failure of the trial court to call upon the jury to determine whether the grand jury, at the time the appellant testified before it, was conducting the investigation described in the indictment. This fact was established conclusively by the evidence and was not controverted by appellant. Under the court's general charge, viewed in its entirety, the jury could not have convicted appellant in the absence of a determination of this fact.

**8.—Same—Continued.**

It was conclusively shown, without conflict of evidence, that the grand jury was investigating the offense named in the indictment. The real question for their determination was whether the testimony imputed to appellant was given, whether it was material, and whether it was false.

**9.—Same—Continued.**

. To the mind of the court, the omission was one clearly within the scope of Art. 666, C. C. P., 1925, forbidding this court to reverse the judgment for an omission in the charge, not calculated to injure the accused. See opinion on rehearing for an exhaustive discussion of this subject, and collation of authorities.

Appeal from the Criminal District Court of Williamson County. Tried below before the Hon. Jas. R. Hamilton, Judge.

Appeal from·a conviction of perjury, penalty two years in the penitentiary.

The opinion states the case.

*A. M. Feltz* and *Chas. M. Black,* for appellant.

*Dan Moody,* District Attorney; *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

On charge of court on uncontroverted issue, the state cites: Roberson v. State, 91 S. W. 578; Morgan v. State, 67 S. W. 420; Holmes v. State, 150 S. W. 926; Creed v. State, 155 S. W. 240; Mueller v. State, 215 S. W. 93; Carter v. State, 181 S. W. 473; Jones v. State, 174 S. W. 1071; Dugat v. State, 148 S. W. 789; Spearman v. State, 152 S. W. 915; Williams v. State, 105 S. W. 1024; Cantwell v. State, 85 S. W. 18; Winfield v. State, 72 S. W. 182; Shelby v. State, 51 S. W. 240; Holliday v. State, 32 S. W. 538, and Ellis v. State, 130 S. W. 172.

BAKER, JUDGE.—Appellant was convicted in the Criminal District Court of Williamson County for perjury, and his punishment assessed at two years in the penitentiary.

Briefly stated, the record discloses the facts to be, as contended by the state, that the prosecuting witness, R. W. Burleson, on April 1, 1923, and prior thereto was rooming and boarding with Mrs. Fannie Campbell in the town of Weir, in said county, and prior to said April 1, the appellant while in an automobile with two other men drove up to the house of Mrs. Campbell, called the said Burleson out and appellant accused him with having improper relations with Mrs. Campbell, stating: "We have investigated and find that you are living in adultery with Mrs. Campbell; if this be so, it must be stopped," which was denied by said witness, and appellant then delivered to said witness a written notice upon Klan stationery, headed "Georgetown Klan 178, K. K. K.," with the impress of the Klan seal thereon, and immediately drove away. About a week thereafter, said witness had a conversation with said defendant about delivering said notice to him in which the defendant asked him if he had an eye-witness as to his being the man who delivered said notice. On April 1 thereafter said witness was taken from an automobile by five or six men, who beat him over the head with pistols, put a sack over his head, carried him off a short distance and beat him up. While all of this was in progress they asked said witness about the Ku Klux he was going to kill, about the conversation had at the time said notice was delivered to him, and if he stayed at Mrs. Campbell's after receiving said notice. The record further shows that the contended relationship of said witness and Mrs. Campbell was discussed at the meeting of said Klan or just after same was closed prior to said April 1, when someone asked what was going to be done about that matter, and appellant replied he would attend to that or see to it. Thereafter the grand jury, while investigating charges against Jackson, Gossett, Ball, Hewlett and Threadgill for said assault

upon said witness, had the defendant before them and interrogated him under oath about said conversations with, and delivering of said notice to said prosecuting witness, in said town of Weir, all of which he denied doing or having any knowledge thereof and being at said place; and upon his said testimony, before said grand jury he was indicted for perjury, and convicted therefor.  The appellant did not testify and produced no testimony except testimony showing or tending to show he was not present at the place of the assault, but at said time preaching at another and different place.  The above is a sufficient statement of the facts for a discussion of the questions of law brought before this court for review.

The first complaint made by appellant in this court, is the refusal of the trial court to quash the indictment, for sixteen reasons set out in said motion, but from his brief we are led to believe, the main objection relied upon, was alleged error in counts one and three thereof, being the only counts submitted to the jury, contending it was not alleged to be a material inquiry before said grand jury whether defendant delivered the notice in question and had the conversation with said Burleson on April 1, 1923, in town of Weir, and that same was not a material inquiry, and showed no connection with the said alleged assault. The indictment, counts one and three, covering the allegations complained of are, in part, as follows:

"Whereupon it then and there became and was a material inquiry before said grand jury and necessary for the due administration of the criminal laws of said state and for the ends of public justice, whether, in the County of Williamson, and State of Texas, on or about the 1st day of April, A. D. 1923.  Murray Jackson, Olen Gossett, Dewey Ball, R. A. Hewlett and Sam Threadgill, who stood charged by complaints duly made and filed on the 4th day of April, A. D. 1923, before the proper tribunal, with the offense of an assault with a prohibited weapon, in fact whether Murray Jackson, Olen Gossett, Dewey Ball, R. A. Hewlett and Sam Threadgill, and whether either of them did, on or about the 1st day of April, A. D. 1923, in Williamson County, Texas, unlawfully commit an assault and battery in and upon R. W. Burleson with pistols, while the said pistols were being unlawfully carried on and about their persons by the said Murray Jackson, Olen Gossett, Dewey Ball, R. A. Hewlett and Sam Threadgill, and the said Murray Jackson, Olen Gossett, Dewey Ball, R. A. Hewlett and Sam Threadgill did then and there therewith and thereby beat, strike, wound and bruise the said R. W. Burleson, and did therewith and thereby inflict

serious bodily injury upon the said R. W. Burleson, as charged in said complaints. * * * And it became and was then and there a material inquiry in said investigation before and by said grand jury whether at the time of the alleged assault upon the said R. W. Burleson, he, the said R. W. Burleson, was asked if he stayed at Mrs. Campbell's after he received a notice, and to said material investigation and to said material inquiry it became and was then and there a material inquiry in said investigation whether the said A. A. Davis on or about the 16th day of January, A. D. 1923, went to Weir, a place in Williamson County, Texas, and had a conversation with R. W. Burleson and delivered to R. W. Burleson a piece of paper on which were in substance, the words, 'Georgetown Klan No. 178 K. K. K.,' and on which paper the imprint of a seal had been made, and whether at any time prior to April 1, 1923, the said A. A. Davis went to Weir, a place in Williamson County, Texas, and had a conversation with R. W. Burleson in which the said A. A. Davis in substance accused the said R. W. Burleson of improper relations with a woman called Mrs. Campbell, and, in substance, told the said R. W. Burleson that he must discontinue his associations with the said Mrs. Campbell, and delivered, at the time of said conversation, a paper to the said R. W. Burleson on which were, in substance, the words, 'Georgetown Klan No. 178, K. K. K.,' and on which paper the imprint of a seal had been made. And the said A. A. Davis did on the day and date first above named (that is, on or about the 10th day of May, A. D. 1923) in Williamson County, Texas, before and to the said grand jury, under the sanction of the said oath administered to him as aforesaid, wilfully and deliberately state and testify, among other things, in substance and to the effect, the following:"

(After setting out the testimony of the said A. A. Davis, the count proceeds) :

"And which said statement and testimony was then and there material to the inquiry aforesaid and to the matter then and there under investigation by said grand jury."

The indictment then proceeds to set out the truth of the matter with reference to the testimony alleged to have been given by the appellant before the grand jury.

The third count in the indictment, after alleging the organization of the grand jury, and that the appellant appeared before the grand jury and was sworn as a witness, proceeds as follows:

"Whereupon it then and there became and was a material inquiry before said grand jury and necessary for the due administration of the criminal law of said state and for the ends of

public justice, whether in the County of Williamson and State of Texas, on or about the 1st day of April, A. D. 1923, Murray Jackson, Olen Gossett, Dewey Ball, R. A. Hewlett and Sam Threadgill, did then and there unlawfully and wilfully, while then and there unlawfully carrying on and about their persons, pistols, with said pistols, in and upon R. W. Burleson make an assault."

(After setting out the testimony alleged to have been given by the appellant before the grand jury, the count proceeds) :

"And which said statement and testimony was then and there material to the inquiry aforesaid and to the matter then and there under investigation by the said grand jury."

The further portion of the count of the indictment undertakes to allege the truth with regard to the testimony given by the appellant before the grand jury. We are unable to agree with the contention made by the appellant relative to the allegations in said indictment and upon inspection it will be shown that the allegations therein are sufficient, and that the testimony of said defendant before said grand jury was material to the issues under investigation, and said counts go into detail to show importance of said testimony and said investigations with all the degree of certainty that the law requires in such cases. The authorities cited by appellant on the questions under consideration are not applicable to the facts of this case. Branch's Ann. P. C., Sec. 840, p. 473, announces the law correctly, which states:

"The materiality of the alleged false statement is sufficiently alleged if it is simply averred that it was material to the issue, and if such averment is made it is not necessary that the allegations of the indictment show how such statement became material."

Citing Massie v. State, 5 Tex. Crim. App. 81. Jones v. State, 174 S. W. 1073, and many other authorities, which we believe hold against the contention of appellant.

Appellant complains in bill of exception No. 3 of the court's action in permitting the state to prove the statements made by appellant before the grand jury, because he contends that he was under arrest, restraint or suspicion at said time, and to the court's qualification of said bill to the effect that he was not under arrest, had not been, nor thereafter during the term of said court, and was not indicted for any offense at that term of court. We believe there was no error in the ruling of the trial court in this particular, and the appellant having accepted

this bill with the qualification thereto, in law is bound thereby. If the qualification was not satisfactory to appellant's counsel they should not have accepted the bill with same attached.

Complaint is made by appellant in bill 4 to the action of the court in permitting prosecuting witness Burleson to testify to acts of the assault made upon him, practically as set out heretofore in this opinion and to the effect that he had never in his life received any notice of the kind, except the one he received from defendant Davis, because said witness was prejudiced against appellant, unfair, and same was hearsay, and defendant was not shown to have any knowledge of said assault and statements made at the time thereof. We are unable to agree with the contention made by the appellant in this particular, and believe same was material to the issues involved, and his objections would go more to the weight than admissibility of the testimony. If the witnesses for the state were to be believed by the jury, the appellant delivered the notice in question to witness Burleson upon Ku Klux stationery with the Ku Klux seal and said Davis at or after a meeting of said Klan stated he would look after the matter of said witness Burleson and Mrs. Campbell, and when he delivered said notice, accused him of having improper relationship with her and demanded same cease, and upon the date of the assault the floggers made inquiries relative to said relationship and said notice would show by circumstances his connection with the assault or knowledge thereof, although he might have been or was absent at said time. It certainly cannot be said that said testimony would not show or tend to show appellant's knowledge of said matters when he was before the grand jury.

Bill of exception 5 complains of the refusal of the court to require state to elect upon which count in the indictment it would rely upon for a conviction; the court, as herein shown, only submitted counts one and three to the jury, and the bill does not disclose any error of the court in this respect.

We have examined bills of exception Nos. 6 to 15, inclusive, some of which are insufficiently full to manifest the errors complained of, and others fail to disclose any errors of the trial court and we therefore overrule the contentions therein made. This brings us down to the contentions made by the appellant in supplemental argument or brief wherein it is contended with force and plausibility that the court erred in his charge, in not submitting to the jury for their consideration the character, nature and scope of the grand jury's investigation at the time appellant appeared and testified before that body; in other

words it is contended that the court in this portion of his charge, assumed the character of investigation the grand jury was making, and the materiality of the statements of defendant at said time, and that same had been proved by the state, and did not submit same to the jury. The record as herein before stated shows the appellant introduced no testimony in this case, upon any issue made by the state, except at the time and place of the alleged assault he was not there, but forty miles away. Upon this phase of the case the only question arises is whether the state adduced the quantum of proof upon the points in question, to show that in absence of any controversy, the state had established that said allegations were true beyond a reasonable doubt, and that if the court had a right in this instance to so assume, in so charging the jury in this case.

The state has cited us to many authorities in support of the court's charge on this proposition: Robison v. State, 91 S. W. 578; Morgan v. State, 67 S. W. 420; Holmes v. State, 150 S. W. 926; Creed v. State, 155 S. W. 240; Mueller v. State, 215 S. W. 93; Carter v. State, 181 S. W. 473; Spearman v. State, 152 S. W. 915. After a careful consideration of this question and the authorities by the learned counsel on both sides of this case, we are of the opinion that there is no error in the charge of the learned judge, as applied to the facts of this case. The state's proof was uncontradicted, amply sufficient, and without controversy upon the points in question, and we are of the opinion that the court was fully warranted under the law and facts to submit the charge in question as presented in this case.

There is another reason that we are constrained to hold that there was no error committed by the trial court in this respect, and that is this: The state's evidence being uncontroverted in this case, and we think, amply sufficient to warrant the action of the jury in finding the defendant guilty, and the court's charge we think is sufficient, but if it were open to the criticism herein made, still we fail to see where the defendant has been prejudiced thereby, or that the record disclosed in any respect where he has not had a fair trial in this case. We therefore are unauthorized in such cases to reverse the judgment. Vernon's C. C. P., Art. 743, and authorities thereunder cited, including Barrios v. State, 204 S. W. 326; Gill v. State, 208 S. W. 926, and many later decisions of this court to the same effect, prohibit this court from reversing cases upon charges of the court, unless the record discloses that said charge was calculated to injure the rights of the defendant and that he had not had a fair and impartial trial.

. In this case after a very careful consideration of the entire record, including the lengthy and exhaustive briefs of both the state and appellant, we are forced to the conclusion that the defendant has received a fair and impartial trial in this case, and all the rights guaranteed to him under the Constitution and the laws of this state, were properly safeguarded by the learned trial court, and that the judgment in said court should be and same is hereby affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the motion for rehearing stress is laid upon the contention that in instructing the jury the trial court failed to call upon the jury to determine whether the grand jury, at the time the appellant testified before it, was conducting the investigation described in the indictment. It is the appellant's position that the fact being established that certain testimony was given, its materiality may be treated as a question of law and solved by the court, but the other inquiry mentioned, namely, whether an investigation was under way is invariably a question of fact, and the failure of the court to so frame its charge as to submit that issue to the jury is error fatal to the conviction.

The parts of paragraph 2 of the charge deemed proper to illustrate the appellant's claim are as follows:

"If you believe from the evidence in this case, beyond a reasonable doubt, that on or about the 10th day of May, 1923, the grand jury had been theretofore legally organized and empaneled at the regular term of the Criminal District Court in and for Williamson County, Texas, and that D. L. Noble was the legally appointed foreman of said grand jury, and that said grand jury was then and there in session, and if you further believe from the evidence, beyond a reasonable doubt, that on said 10th day of May, 1923, the defendant, A. A. Davis, made his personal appearance before said grand jury, etc."

(Here follows the language requiring a showing that the oath was administered to the appellant, which is followed by an inquiry of the jury whether the appellant gave before the grand jury the testimony imputed to him in the indictment, wherein

it is charged that he had certain conversations and transactions with R. W. Burleson concerning his relations with Mrs. Fannie Campbell, and whether the testimony related to actual occurrences.)

"And if you believe from the evidence, beyond a reasonable doubt, that the testimony so given or statements so made by the said A. A. Davis, the defendant, if he did make them, were deliberately and wilfully false, and were deliberately and wilfully made to and before said grand jury, and that said defendant, A. A. Davis, then and there knew said testimony or statements, if any, to be false, if they were, and if you further believe from the evidence, beyond a reasonable doubt, that the falsity of such statements, if they are false, has been established by the testimony of two credible witnesses, or of one credible witness strongly corroborated by other evidence, as to the falsity, if any, then you will find the defendant, A. A. Davis, guilty of perjury."

In addition to the paragraph of the charge above mentioned, the court read to the jury, at the request of the appellant, the following special charge:

"You are instructed that a grand jury is not confined in its investigation of offenses to matters that are brought before it by complaints previously filed but have the authority to investigate any and all offenses."

In the main charge is also found the following:

"The false statement assigned for perjury must be material to the issue with respect to which it was made, and must have been deliberately and wilfully made."

Appellant insists in his motion for rehearing that the instructions given cannot be justly interpreted as calling upon the jury to determine whether the grand jury was making the investigation mentioned in the indictment, namely, the alleged assault by Murray Jackson and others upon R. W. Burleson, as charged in the indictment, which is set out in the original opinion in this case. Appellant also claims that the omission of an instruction submitting to the jury as an issue of fact whether the grand jury had under investigation the matter mentioned above is such fault in the charge as to render imperative a reversal of the judgment of conviction. While the charge does not in specific terms instruct the jury to determine the question mentioned, considered in connection with the averments in the indictment which were before the jury, it might be plausibly contended that the jury could not fail to comprehend from the charge that before a conviction could result, they must determine that the alleged false testimony was elicited from the appellant before

the grand jury in the course of its investigation of the alleged assault upon Burleson by the parties named in the indictment. It is difficult to perceive any process of reasoning by which the jury could have determined that the false testimony which the appellant is charged in the indictment to have given was *material* to the issue with respect to which it was made, without also determining whether the grand jury had under investigation the matter to which the testimony related. Of course, in response to the exceptions addressed to his charge, it would have been appropriate for the learned trial judge to have instructed the jury touching the necessity for proof and finding by them that the grand jury was investigating the offense alleged in the indictment. If it be conceded he did not and that the failure of the court to do so was error, the additional inquiry before this court of review is whether it is harmful to a degree which authorizes this court to set aside the conviction and order a new trial.

In an exceptionally well prepared argument portraying thought and research, counsel for the appellant asserts that in the particular mentioned the court's charge is faulty to the extent that it impinges the declaration in the Constitution that "the right of trial by jury shall remain inviolate" and offends against the statutory provisions wherein it is declared that "the jury, in all cases, are the exclusive judges of the facts proved and the weight to be given their testimony," and "the accused in a criminal case is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt." See Constitution of Texas, Art. 1, Sec. 15; Arts. 705, 706, C. C. P., 1925. Counsel disclaims the ability to point to a precedent in this state which definitely supports their position, but does refer the court to the case of People v. Walker, 198 N. Y. 329, 91 N. E. 806.

In the present instance the evidence heard upon the trial before the jury is conclusive and uncontroverted to the effect that the assault upon Burleson at the time and place and by the parties named in the indictment was the subject of investigation with reference to which the testimony of the appellant, set out in the indictment, was given before the grand jury. No attempt is made in the Constitution to define the right of trial by jury. It simply states that:

"The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency." (Article 1, Section 15.)

The scope of the language of the Constitution is treated in this and all other jurisdictions as a matter in a great degree under legislative control. The right itself, of course, implies limitations upon the legislative authority. In the Magna Charta it is written:

"No freeman shall be hurt, in either his person or property unless by lawful judgment of his peers or equals, or by the law of the land."

Such is the right, we understand, to which the Federal and State Constitutions refer. See Ruling Case Law, Vol. 16, p. 182, Sec. 3. In its application to trials, there is a great variety of practice in the courts of the various states and in the Federal courts. It is believed that in all of them the right of trial by jury implies that the judge may not determine the guilt of the accused of crime, may not draw inferences from proven facts susceptible of different interpretations, and may not determine which of the conflicting testimony is true. For a general discussion of the subject, see Ruling Case Law, Vol. 16, p. 186, Sec. 6. Nothing in the Constitution will be found which expressly controls the judge's instruction except that it must not violate the right of trial by jury. In obedience to Art. 1, Sec. 15 of the Constitution, supra, the Legislature has, from time to time, passed laws governing the court's instructions to the jury in criminal cases. These are embraced in Arts. 658 to 666, inclusive, C. C. P., 1925.

From Art. 658, we quote:

"In each felony case the judge shall, before the argument begins, deliver to the jury a written charge, distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury."

In Art. 666 it is said:

"Whenever it appears by the record in any criminal action upon appeal that any requirement of the eight preceding articles has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial."

Statutes embracing the principles underlying Art. 666, C. C. P., have existed in this state from the beginning of its jurisprudence. See old code, Art. 602 (Arts. 743, and 723, later codes). That in its enactment and enforcement the Legislature did not transcend its power or impinge upon the right of trial by jury

has not heretofore been denied. On the contrary, the soundness of the article has been given judicial sanction by the courts of last resort in this state in practically innumerable instances. In its present form, the article of the statute mentioned has been upheld and applied in hundreds of cases involving life and liberty. See Vernon's Tex. Crim. Stats., 1916, Vol. 2, p. 502. There is no command in the Constitution that the trial judge shall instruct the jury in any particular form, or in that matter, to instruct them at all. The demand for, and the requisites of, a charge to the jury come from legislative enactments. One of these forbids the comment upon the weight of the evidence. The privilege of appeal is likewise statutory. Ex Parte Bennett, 85 Tex. Crim. Rep. 315; De Silva v. State, 98 Tex. Crim. Rep. 499; Powell v. State, 99 Tex. Crim. Rep. 276. It is conceived that the purpose of the articles of the statutes pertaining to the charge of the jury enacted in obedience to Sec. 15, Art. 1, of the Constitution, express the legislative view touching the laws "needed to regulate a trial by jury and to maintain its purity and efficiency." The maintenance of the appellate court and the right of appeal in criminal cases are to prevent injustice, that is, to prevent the infliction of punishment in a trial in which the rights guaranteed in the Constitution have been ignored or transgressed. If Art. 666 is valid, its effect is to associate the privilege of appeal conferred upon one accused of crime, with the condition that the verdict of the jury shall not be overturned on appeal, because of an omission in the instruction to the jury which did not injure the accused or impair his right to a fair and impartial trial. The statute mentioned, being one of those enacted by the Legislature to regulate the right of trial by jury and to "maintain its purity and efficiency," unless invalid, is binding upon the courts. If valid, its meaning is clear. It forbids the court, on appeal, to set aside a verdict of the jury which has the sanction of the trial court because of an error in the charge which could not and did not harm the accused. Many citations of precedents upholding the statute in question are collated in Vernon's Ann. Texas C. C. P., 1925, Vol. 2, p. 293; and in some of the cases the facts, so far as they pertain to the legal questions, seem difficult to distinguish from those presented by the present record. In Brown v. State, 42 Tex. Crim. Rep. 417, the accusation was an assault upon an officer. The evidence was to the effect that an officer had been appointed a deputy sheriff but had not taken the constitutional oath. The court said:

The facts constituting him a de facto officer were not contro-

verted. Could the court assume that he was such officer, or was it necessary that this question should have been submitted to the jury?"

The court held that the injured party being an officer, the *trial court did not violate that provision of the statute which inhibits a charge upon the weight of the evidence.* The same ruling was made upon like facts by this court in the case of Pitts v. State, 97 Tex. Crim. Rep. 642; and the same principle was applied in Randolph v. State, 101 Tex. Crim. Rep. 602, and Sawyer v. State, 104 Tex. Crim. Rep. 522.

In Robertson's case, 68 Tex. Crim. Rep. 243, the conviction was for perjury. According to the averments in the indictment, the grand jury, regularly constituted, had under investigation the gift of intoxicating liquor to Paul Garvin, a minor. On the trial the proof was uncontroverted that Paul Garvin was a minor. On appeal the complaint was that the court omitted to charge the jury on the issue of the minority of Paul Garvin, *that is, that the question whether Paul Garvin was a minor was not submitted to the jury.* The court held that the evidence of minority being positive and uncontroverted, Art. 743, C. C. P., forbids a reversal upon the ground of the fault in the charge.

In Nelson's case, 35 Tex. Crim. Rep. 205, the conviction was for felony theft. A reversal was sought because the court had neglected to call upon the jury to determine the value of the property. The opinion of this court was written by Judge Davidson, from which we take the following quotation:

"There was no question of this fact. When the facts are admitted to be true, or are placed beyond without contest, we can see no reason why the court may not so assume, without infringing the rule inhibiting a charge upon the weight of the evidence. But this would not be so if there was an issue as to any such fact, and the court must then refrain from the assumption. To illustrate, on a trial for homicide, where it is proved by both sides, or it is not controverted, that deceased was killed, but the issue is as to the degree of culpability or identity of the *slayer, it would not constitute a charge on the weight of the evidence* for the court to assume the death of the deceased; but it would be if the court assumed the identity of the accused, or any degree of his culpability, as the issue might be, the plea on the trial being not guilty. The charge as given is not upon the weight of the evidence, under the facts of this case. Elizando v. State, 31 Tex. Crim. Rep. 237."

Analogous expressions are found in the opinion of this court by Judge Ramsey in Puryear v. State, 56 Tex. Crim. Rep. 231,

and those of Judge Davidson in Thomas v. State, 71 Tex. Crim. Rep. 185; and McDowell v. State, 55 Tex. Crim. Rep. 596; and the opinion of the court in Crutchfield v. State, 68 Tex. Crim. Rep. 468. That it has been the opinion of this court throughout its history that the statute mentioned does not offend against the fundamental law is furnished additional illustration in the great number of cases in which that part of Art. 666, C. C. P., stating "all objections to the charge and to the refusal or modification of special charges shall be made at the time of the trial," has been given effect to waive by the accused an error in the charge against which there was addressed no written exception before the charge was read to the jury as required by Art. 659, C. C. P., 1925.

With the utmost deference to the contrary view of counsel for the appellant, we are unable to perceive aught in the fundamental or statutory law opposing the operation of the statute (Art. 666, supra) upon the case in hand.

It was conclusively shown, without conflict of evidence, that the grand jury was investigating the offense named in the indictment. The real question to which the minds of the jury were centered was whether the testimony imputed to the appellant was given, whether it was material, and whether it was false.

Upon all other matters of evidence the jury received instructions and determined all issues of fact upon which minds might differ in favor of the state. That in taking the testimony of the appellant the grand jury was investigating the alleged assault upon Burleson was proved without conflict of evidence. It was not an issue but a proven fact. The failure of the court to tell the jury in his charge that they must determine whether or not the Burleson assault was under investigation by the grand jury could not and did not harm the appellant or prejudice his case. To the minds of this court, the omission was one clearly within the scope of Art. 666, supra, forbidding this court to reverse the judgment for an omission in the charge not calculated to injure the accused.

Of the other matters to which reference is made in the motion, no comment further than that made in the original opinion is deemed necessary.

The motion is overruled.                                    *Overruled.*