KENNETH COWLEY v. THE STATE.

No. 22132. Delivered May 27, 1942.
Rehearing Denied June 24, 1942.

The opinion states the case.

*Thomas & Thomas,* of Big Spring, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was charged with a statutory offense, the victim being a female not his wife under the age of eighteen years. Upon conviction he was assessed the minimum penalty of five years in the State penitentiary.

The story as revealed by the statement of facts involves the association of the parties in the town of Fort Stockton, most of the time in company with several friends, both boys and girls. The young lady tells a horrible story of mistreatment and force which is denied by appellant who, nevertheless, gives a detailed story in his own way sufficient to require that the jury find him guilty as charged and, considered as a whole, it is lacking in any circumstance which would recommend for him a suspended sentence that he sought in the case. A number of people, men and women, doubtless good citizens, came from his home in a nearby county to testify as to his popularity as a high school athlete. Probably their interest would have been lessened had they been permitted to hear his version of his approach and accomplishments followed by his announcement to a crowd of boys on the street of the results of the evening out. Their recommendation for a suspended sentence did not outweigh, in the jury's mind, his own story of the crime for which he was being tried, though, in all probability, it resulted in the assessment of the minimum penalty.

The evidence shows conclusively that the girl was fourteen years, two months and eleven days of age and even if she had been fifteen years of age there is nothing presenting an affirmative defense to his admitted act.

Several bills of exception are discussed in appellant's brief. In the first place it is contended that the court did not have jurisdiction to try the case. When it was called for trial a plea to the jurisdiction was timely filed raising the question. Article 64 of the Code of Criminal Procedure provides that when two or more courts have concurrent jurisdiction of a criminal offense, the one in which the indictment or complaint shall first be filed shall retain jurisdiction to the exclusion of other courts. This is a general statute. The indictment in this case was originally returned in the 83rd District Court, Pecos County. When called for trial a motion for continuance was sustained and

thereafter at a special term the Judge of that court entered an order transferring the case to the 112th Judicial District for the same county. In making this order the trial judge stated the nature of the offense and that he was changing the venue, probably having in mind Article 207 C. C. P. applicable to such offenses. A transfer to another district court in the same county is not a change of venue, nor is it necessary to resort to the article of the statute particularly applying to a case of the nature of the one involved. We do not find, however, from the Act of the Legislature creating the 112th District Court (Sec. 9, para. 4 of Art. 199, Vernon's Ann. Civil Statutes) a provision specifically authorizing the transfer of any case, civil or criminal, either in term time or vacation on order of the district judge of either the 83rd or 112th district to the other court. We have concluded that this is sufficient authority for the transfer; that there is not a change of venue as provided by Art. 207, C. C. P. and, consequently, the 112th District Court had jurisdiction to try the case.

In submitting the case to the jury the court prepared forms of verdict which were submitted to the attorneys representing defendant and were not given to the jury by the court. Later, in the absence of the court, of the party on trial and his attorney, these forms were passed to the jury. When an unauthorized communication has been had with the jury in a felony case the burden is upon the State to show the nature of the communication and that no harm resulted therefrom. There is no evidence that anything was said verbally by anyone to the jury. On a motion for new trial the contents of the typewritten slips were introduced in evidence. They constitute the entire communication shown by the record and sufficiently discharge the burden resting with the State to show the nature of the communication and that no harm could have resulted to appellant by reason thereof. We are fully aware of the seriousness of the practice involved. Counsel for appellant has exhaustively briefed the question and presented ample authority to warrant a reversal of the case except for the one fact that they have not shown the harm to appellant and we think, to the contrary, that the language of the typewritten slips themselves show that no harm did or could have resulted to appellant.

The very troublesome question in this case results from the oral remarks made to the jury by the trial judge upon deliver-

ing his written charge. When the charge was prepared and handed to counsel for examination they objected to a paragraph which, in effect, instructed the jury not to consider anything except what they had seen or heard in the court room. The charge was not properly worded. It should have limited the jury to a consideration of the things which they heard in evidence from the jury box and which had been given them as the law in the court's charge. When exception was taken to this paragraph it was eliminated and not read to the jury, but after the court's charge was read he remarked to the jury:

"You will not consider anything except what you have heard or saw in the court room."

No exception was taken to this oral remark at the time and it was brought up first for consideration in the motion for a new trial. Appellant invokes the provision of Article 663, C. C. P. reading:

"A verbal charge shall be given only in a misdemeanor case, and then only by consent of the parties."

They overlook Art. 666, C. C. P. in presenting the argument, which reads as follows:

"Whenever it appears by the record in any criminal action upon appeal that any requirement of the eight preceding articles has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. All objections to the charge and to the refusal or modification of special charges shall be made at the time of the trial."

The provisions of Art. 663, supra, have been much discussed in the earlier decisions and it was uniformly held to be mandatory. The Act of 1913 (p. 278) forming the language of Art. 666, supra, did not originally apply to and include Art. 663, but in the codification of 1925 it appears that it was made to do so. This accounts for the fact that the many earlier decisions considering errors made by oral charges, made no requirement that they should show error.

In the case before us the appellant admitted his guilt and detailed facts which would require the jury to find him guilty. He is, therefore, in no different position to what he would be

had he plead guilty to the charge when arraigned. Even prior to the codification of 1925 Presiding Judge Morrow in Connally v. State, 234 S. W. 886, considered the question in a case where the appellant had pleaded guilty and had been assessed the minimum penalty and there declined to reverse the case because no harm had been done. Much more should this court do so in view of the fact that the above quoted Art. 666 applies to and modifies the mandatory aspect of Art. 663. Whatever might have been the understanding in the past, it now appears perfectly clear that Art. 666 must be considered in connection with a complaint arising under Art. 663.

The record contains bills of exception five to eighteen, inclusive. We have considered the other questions raised and do not find anything pointed out in the appeal which would require further consideration. Appellant was ably represented before the jury. He frankly gave his version and they saw fit to refuse his plea for a suspended sentence but gave him the minimum punishment. The jury was liberal with him and he is probably fortunate that this court finds no reversible error in his case, for juries are not frequently so inclined in a case where the facts are so revolting.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In his motion for rehearing appellant again urges that the remark made by the trial judge at the time he delivered his written charge to the jury should be held to be reversible error.

When our original opinion was prepared we were under the impression that Art. 663 C. C. P. obtained its present relative position under the revision of 1925. In this we were mistaken. It occurs in the revision of 1895 as Art. 720 C. C. P., and in the revision of 1911 as Art. 740 C. C. P., in both revisions occupying the same relative position as in the revision of 1925.

"Code Cr. Proc. 1895, art. 723, read as follows: 'Whenever it appears by the record in any criminal action, upon appeal of the defendant, that any of the requirements of the eight preceding articles have been disregarded, the judgment shall be reversed; provided, the error is excepted to at the time of the trial.'

"It was amended by Act of 1897, p. 17, to read as follows: 'Whenever it appears by the record in any criminal action, upon appeal of the defendant, that any of the requirements of the eight preceding articles have been disregarded, the judgment shall not be reversed, unless the error appearing from the record was calculated to injure the rights of the defendant, which error shall be excepted to at the time of the trial, or on a motion for a new trial.' "

In 1913, (Acts 33d Leg., p. 278), Art. 735 C. C. P. (now Art. 658) was amended requiring a written charge in felony cases to be given "before argument, said charge making application of the law to the facts." At the same time Art. 743, (now Art. 666) was amended to read as set out in our original opinion. To hold that said article means that a written charge applying the law to the facts in felony cases could be omitted would be opposed to the spirit and general meaning of said Art. 658 and all the related articles in question.

The remark made by the trial judge, even had it been in a written charge, and properly and timely objected to, would not have called for a reversal in the absence of a showing that it "was calculated to injure the rights of the defendant." See Davis v. State, 107 Tex. Cr. R. 389, 296 S. W. 605. But it is appellant's contention that the remark made was equivalent to the trial judge telling the jury that they could consider whatever they heard or saw in the court room. He then urges that something improper might have occurred or been said in the court room which the jury heard and saw which was calculated to injure appellant, and, therefore, concludes that the remark of the trial judge should be held reversible error. Of course, anything *might* have happened in the court room, or anything *might* have been said, but appellant makes no claim that such a thing did occur or was said. It appears to us that appellant is asking this court to assume that something was said or done in the court room which might have injured him from the mere fact of the trial judge's oral statement. The burden is on appellant to point out a possible injury. See many cases listed in Note 21 under present Art. 666, Vernon's Tex. C. C. P., Vol. 2.

The remark of the trial judge can not be regarded as an instruction applying the law to the facts in the case such as is contemplated in Art. 658 C. C. P., but as an admonition or

warning to the jury. We are unable to attribute to it the serious character insisted upon by appellant.

Other matters urged in the motion for rehearing have not been overlooked. They were considered, and we think properly disposed of in our original opinion.

The motion for rehearing is overruled.