**Kenneth BLACK, Appellant,**
v.
**The STATE of Texas, Appellee.**

**No. C14–86–00804–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 23, 1987.

Lawrence T. Newman, Houston, for appellant.

John B. Holmes, Jr., Cathleen Herasimchuk, Patrick M. Kelly, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

Kenneth Black appeals a conviction for burglary of a building. Appellant pled guilty and, pursuant to a plea bargain agreement, the court assessed punishment at 14 years incarceration.

In a single point of error appellant complains that the court erred in denying his motion to quash the indictment. We affirm.

Appellant argues that the grand jury foreman did not draft a memorandum of the true bill against appellant pursuant to articles 20.19 and 20.20 of the Code of Criminal Procedure which provide:

> After all the testimony which is accessible to the grand jury shall have been given in respect to any criminal accusation, the vote shall be taken as to the presentment of an indictment, and if nine members concur in finding the bill, *the foreman shall make a memorandum of the same with such data as will enable the attorney who represents the State to write the indictment* (emphasis added).

Tex.Code Crim.Proc.Ann. art. 20.19 (Vernon 1977).

> The attorney representing the State shall prepare all indictments which have been found, with as little delay as possible, and deliver them to the foreman, who shall sign the same officially, and said attorney shall endorse thereon the names of the witnesses upon whose testimony the same was found.

Tex.Code Crim.Proc.Ann. art. 20.20 (Vernon 1977).

■ The grand jury foreman did not make a memorandum to send to the district attorney for preparing the indictment.[1] Appellant does not maintain that there is any error, flaw, or defect on the face of the indictment itself.

Appellant argues the language of articles 20.19 and 20.20 is mandatory rather than directory since the word "shall" has a clear mandatory construction, inconsistent with the idea of discretion.

However, since 1896 the forerunners of these articles have been construed to be merely directory and not mandatory. In *Jacobs v. State*, 35 Tex.Cr. 410, 34 S.W. 110

---

**1.** The indictment is actually a reindictment in which two enhancement paragraphs were added to the charge of burglary of a building.

(1896), when discussing the then-numbered article 411, the court stated:

> We do not understand this article to mean that all of the testimony, or any part thereof, upon which the bill is found, is required to be set down by the foreman, the secretary, or any member of the grand jury. We hold it to be directory merely, and for the benefit of the prosecuting attorney to enable him to draft the bill. Nor is it competent for the court to entertain an inquiry in this manner into the evidence, or sufficiency thereof, upon which the grand jury may have found and presented a bill of indictment.

The directory language of articles 20.19 and 20.20 has been reaffirmed often since the *Jacobs* holding. *See Tate v. State*, 139 Tex.Cr.R. 616, 141 S.W.2d 351 (1940); *Hackathorn v. State*, 422 S.W.2d 920 (Tex. Crim.App.1964), *cert. denied*, 381 U.S. 930, 85 S.Ct. 1570, 14 L.Ed.2d 688 (1965); *Reed v. State*, 456 S.W.2d 393 (Tex.Crim.App. 1970); *Cotton v. State*, 500 S.W.2d 482 (Tex.Crim.App.1973). As the State notes, many of the "shalls" within the articles dealing with the operation of the grand jury are directory. *See, e.g., Garcia v. State*, 522 S.W.2d 203 (Tex.Crim.App.1975); *Soliz v. State*, 159 Tex.Cr.R. 273, 262 S.W.2d 502 (1953); *Jones v. State*, 153 Tex. Cr.R. 276, 219 S.W.2d 463 (1949); *King v. State*, 90 Tex.Cr.R. 284, 234 S.W. 1107 (1921).

Likewise, we hold the "shall" in the following provision of article 20.19 is merely directory rather than mandatory: "... the foreman shall make a memorandum of the same with such data as will enable the attorney who represents the State to write the indictment."

 The rationale for this court's holding and those of the cases cited above is based on the well-established principle that a defendant may not go behind an indictment that is valid on its face to allege procedural errors or the sufficiency of evidence presented to the grand jury. *Costello v. United States*, 350 U.S. 359, 363, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956); *Ex parte Port*, 674 S.W.2d 772, 779 (Tex.Crim. App.1984); *Carr v. State*, 600 S.W.2d 816, 817 (Tex.Crim.App.1980); *Carpenter v. State*, 477 S.W.2d 22, 23 (Tex.Crim.App. 1972).

In this case we have a valid conviction entered after a voluntary plea of guilty. Appellant has not shown any harm by the grand jury foreman's failure to draft a memorandum to enable the State to prepare a reindictment which has already been typed.

The court did not err in denying appellant's motion to quash the indictment. Finding no reversible error, we overrule appellant's point of error. The judgment of the lower court is affirmed.