# FEBRUARY, 1922

## EX PARTE DOC MITCHUM.

### No. 6772.  Decided February 1, 1922.

1.—Habeas Corpus—Intoxicating Liquors—Possession—Repeal of Statute. Date of Offense.

Generally speaking, the averment of the date of the offense in an indictment is not a matter of substance, and where the indictment is presented in a court of competent jurisdiction by a legally organized grand jury, and there is a law under which the prosecution may be maintained, an irregular or insufficient averment of the facts does not entitle the accused to release under a writ of *habeas corpus*. Following Ex Parte McKay, 82 Texas Crim. Rep., 221.

2.—Same—Repeal of Law—Statutes Construed—Possession.

The effect of re-writing Section 1, as it is enacted in Chapter 61, supra, was not to repeal the law denouncing as an offense the possession of intoxicating liquor, but had the effect to change the definition of that offense so that instead of denouncing as unlawful all possession of intoxicating liquor, save that which was for mechanical, medicinal, scientific, or sacramental purposes, it denounced as an offense the possession only of intoxicating liquor, which was possessed for sale, and not for medicinal, mechanical, scientific or sacramental purposes. Following Cox v. State, 90 Texas Crim. Rep., 256, and other cases.

3.—Same—Statutes Construed—Possession of Intoxicating Liquor.

Both under the old and the new law it is an offense to possess intoxicating liquor for sale, unless the sale is intended for medicinal, mechanical, scientific, or sacramental purposes, and where the indictment in the instant case conformed to this construction, the same charges an offense, whether the unlawful possession took place while the old statute or the new one was in force.

4.—Same—Former Decisions—Repeal of Statute—Sale.

In the opinions in some of the cases recently decided the reason was stated in terms too broad, the expression being used that the statute denouncing the offense was repealed. It should have been stated in said opinions that the part of Section 1, Chapter 78, supra, which prohibited the possession of intoxicating liquor for purposes other than for sale, was repealed.

5.—Same—Former Jeopardy—Habeas Corpus.

The plea of former jeopardy is not a matter that appellant can present here by an original application for writ of *habeas corpus*, for the purpose of avoiding the prosecution in the trial court. Following Ex Parte Spannell, 85 Texas Crim. Rep., 304, and other cases.

From Wise County.

Original application for writ of habeas corpus asking release from arrest under an indictment for having in his possession for the purpose of sale intoxicating liquors, etc.

The opinion states the case.

*Benson & Benson* and *Taylor & Taylor,* for relator.—Cited Cox v. State, and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited cases in opinion.

MORROW, Presiding Judge.—This is an original application for writ of habeas corpus.

The indictment of the appellant, filed December 7, 1921, contains the following averment: " . . . that Dock Mitchum, on or about the 1st day of September, A. D., one thousand nine hundred and Twenty One, and anterior to the presentment of this Indictment, in the County of Wise, and State of Texas, did then and there unlawfully have in his possession for the purpose of sale, Intoxicating Liquor, said intoxicating liquor not then and there being in possession of said Dock Mitchum for Scientific, Medical, Mechanical or Sacramental purposes."

Prior to the fifteenth day of November, 1921, the possession of intoxicating liquor was prohibited except "for medical, mechanical, scientific or sacramental purposes." (See Acts of 36th Leg., 2nd Called Session, Chap. 78, Sec. 1.) On the date mentioned, there became effective an amendment to the statute by which said Section 1 was re-written so that it read thus:

"That it shall be unlawful for any person, directly or indirectly, to manufacture, sell, barter, exchange, transport, export, deliver, take orders for, solicit, or furnish spiritous, vinous, or malt liquors, or medicated bitters capable of producing intoxication, or any other intoxicant whatever, or any equipment for making any such liquors, or to possess or receive *for the purpose of sale* any such liquors herein prohibited." (Acts of 37th Leg., 1st & 2nd Called Sessions, Chap. 61, Sec. 1.)

In another section of this Act, the legality of the possession of such liquors for sale for medicinal, mechanical, scientific or sacramental purposes was recognized.

Appellant asserts that the amendment operated to repeal Section 1 of Chapter 78, supra, and that in consequence of such repeal he is entitled to release for the reason that on September first, the date that the offense was alleged to have been committed, the offense was not denounced by the law of the state. If appellant's premise touching the repeal of said Section 1 of Chapter 78 was admitted, the result stated would not necessarily follow for the reason that Section 1 of Chapter 61, supra, was in effect for some twenty days before the indictment was filed, and an offense under that section is manifestly charged. Generally speaking, the averment of the date of the offense in an indictment is not a matter of substance. Sanders v. State, 26 Texas Reports, 119, and other cases listed in Branch's Ann. Texas Penal Code, Sec. 439. The indictment having

been presented in a court of competent jurisdiction by a grand jury regularly organized, and there being a law under which the prosecution may be maintained, an irregular or insufficient averment of the facts does not entitle the accused to release under a writ of habeas corpus. His remedy for such defect is to invoke the ruling of the trial court and presented to this court on appeal if the ruling is against him. Ex parte McKay, 82 Texas Crim. Rep. 221, and cases therein cited. In our judgment, however, the effect of re-writing Section 1 as it is enacted in Chapter 61, supra, was not to repeal the law denouncing as an offense the possession of intoxicating liquor but had the effect to change the definition of that offense so that instead of denouncing as unlawful all possession of intoxicating liquor save that which was for mechanical, medical, scientific or sacramental purposes, it denounced as an offense the possession only of intoxicating liquor which was possessed ''for sale'' and not for ''medicinal, mechanical, scientific, or sacramental purposes.'' This construction, we understand, is supported by authority. Cox v. State, 90 Texas Crim. Ry. 256, 234 S. W. Rep. 531; Ruling Case Law, Vol. 25, p. 173; Williams v. State, 52 Texas Crim. Rep. 371, and other cases cited in Michie's Encyclopedic Digest of Texas Crim. Rep., Vol. 6, p. 172; Ruling Case Law, Vol. 25, p. 920, Sec. 17, and cases cited in notes 3 and 4; Vernon's Texas Crim. Statutes, Vol. 1, p. 11, Art. 15, 16, 17 and 18. This change of definition or modification had the effect to continue in force all elements of the offense of possessing intoxicating liquor except such as were omitted in the amendment. Ruling Case Law, Vol. 25, p. 173, and other authorities cited above. That is to say, both under the old and the new law, it is an offense to possess intoxicating liquor for sale unless the sale is intended for medicinal, mechanical, scientific or sacramental purposes. The indictment in the instant case conforms to this construction, and in our judgment, charges an offense, whether the unlawful possession took place while the old statute or the new one was in force.

Since the passage of the amended statute, in a number of cases charging the unlawful possession of intoxicating liquor, we have held the indictment insufficient to sustain the conviction. See Francis v. State, 90 Texas Crim. Rep., 67; 235 S. W. Rep. 580. In these indictments there was found no averment that the possession was for the purpose of sale. This is essential for the reason that the only possession now made unlawful is that which is for the purpose of sale. The provision making its possession unlawful for other purposes was repealed by the amended statute, Sec. 1, Chap. 61, supra. In the opinions in some of the cases to which we have referred the reason was stated in terms too broad, the expression being used that the statute denouncing the offense ''was repealed.'' The conclusion reached in deciding these cases we deem sound, though the language used in announcing it was not accurate. It should have been said that the part of Sec. 1, Chap. 78, supra, which prohibited the

possession of intoxicating liquor for purposes other than for sale was repealed.

As an additional ground for discharge, relator avers that he has been prosecuted in the United States District Court for the same act upon which this prosecution is founded; that in consequence thereof he is immune from further prosecution. If there exists facts which would support a plea of former jeopardy, it is appellant's right to present them in the trial court. If the disposition of them there is not satisfactory, he may exercise the right of appeal, and it would then become the duty of this court to determine the merits of his plea, and the law applicable thereto. A plea of former jeopardy, however, is not a matter that appellant can present here by an original application for writ of habeas corpus for the purpose of avoiding the prosecution pending in the trial court. Pitner v. State, 44 Texas 578; Ex parte Spanell, 85 Texas Crim. Rep. 304; Ex parte Jones, 83 Texas Crim. Rep. 14; Ex parte Crofford, 39 Texas Crim. Rep. 547.

In a more extended manner, we have discussed this phase of the application in the companion case, 6773, 239 S. W. Rep. 935.

The application for writ of habeas corpus is denied.

*Writ denied.*