## JOHNSON v. STATE. (No. 6698.)

(Court of Criminal Appeals of Texas. Feb. 22, 1922.)

Intoxicating liquors ⚖️211—Indictment charging unlawful possession must allege possession to have been for purpose of sale.

Indictment charging the unlawful possession of intoxicating liquor must allege that the liquor was possessed for the purpose of sale under Acts 37th Leg. (1921) 1st Called Sess. c. 61.

Appeal from District Court, Upshur County; J. R. Warren, Judge.

Lad Johnson was convicted of having unlawful possession of intoxicating liquor, and he appeals. Judgment reversed, and prosecution ordered dismissed.

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Florence, Florence & McClelland, of Gilmer, and B. F. Crosby, of Greenville, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. The conviction is for the unlawful possession of intoxicating liquor.

The indictment fails to allege that the liquor was possessed for the purpose of sale.

The law, as amended by Acts 37th Leg. 1st Called Sess. c. 61, requires that the case be reversed and remanded. The prosecution cannot be maintained upon the present indictment. See Francis v. State (Tex. Cr. App.) 235 S. W. 580, and Ex parte Mitchum (Tex. Cr. App., No. 6772) 237 S. W. 936, not yet [officially] reported.

The judgment is reversed, and the prosecution ordered dismissed.