WALTER ALEXANDER v. THE STATE.

No. 6857.   Decided April 5, 1922.

Intoxicating  Liquor—Possession—Manufacture—Equipment—Repeal.

An indictment charging the· unlawful possession of intoxicating liquor must also allege that the possession was for the purpose of sale, and the specific offense of possessing equipment for the manufacture of intoxicating liquor has been repealed.   Following Cox v. State, 90 Texas Crim. Rep., 256, and other cases.

Appeal from the District Court of Morris.   Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of the unlawful possession of equipment for the manufacture of intoxicating liquor; penalty, one year imprisonment in the penitentiary.

*Henderson & Bolin,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the possession of intoxicating liquor and for the possession of equipment for the manufacture of intoxicating liquor.

The date of the offense was in November, 1919, subsequent to the date upon which Chap. 78 of the Acts of the Thirty-sixth Legislature, 2nd Called Session, became effective.   That Act of the Legislature was amended by Chap. 61 of the Acts of the 37th Leg., and as amended, the specific offense of possessing equipment for the manufacture of intoxicating liquor was omitted, and the definition of the offense of possessing intoxicating liquor was changed.   We have, heretofore, in numerous cases, expressed our views with reference to the effect of this amendment on both of these offenses and because of it have found it necessary to reverse judgments of conviction.   The leading case touching equipment is Cox v. State, 90 Texas Crim. Rep.. 256; 234 S. W. Rep. 531; and among the leading cases touching the possession of liquor is Francis v. State, 90 Texas Crim. Rep. 67; 235 S. W. Rep. 580.   In Ex parte Mitchum, 91 Texas Crim. Rep. 62, 237 S. W. Rep. 936 No. 6772; recently decided, will be found a discussion

of the necessity that in an indictment charging the unlawful possession of intoxicating liquor there be an averment that the possession was for the purpose of sale. A further discussion of the matter is deemed unnecessary.

The judgment of conviction is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*