### GILSTRAP v. STATE. (No. 6858.)

(Court of Criminal Appeals of Texas. April 5, 1922.)

Intoxicating liquors ⟜139—Possession unlawful only where for purpose of sale.

Where the offense of possessing intoxicating liquor was committed prior to the enactment of Acts 37th Leg. 1st Called Sess. (1921) c. 61, amending Acts 36th Leg. 2d Called Sess. (1919) c. 78 (Vernon's Ann. Pen. Code Supp. 1922, arts. 588¼ to 588¼a4), in which amendment the definition of the offense was changed, an indictment under the present law can be maintained only where possession is for the purpose of sale.

Appeal from District Court, Morris County; R. T. Wilkinson, Judge.

Ralph Gilstrap was convicted of unlawfully possessing intoxicating liquors, and he appeals. Reversed and prosecution dismissed.

Henderson & Bolin, of Daingerfield, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. The appellant appeals from a judgment convicting him of the offense of unlawfully possessing intoxicating liquor.

The offense was committed prior to the enactment of chapter 61, Acts 37th Leg. 1st Called Sess., amending chapter 78 of the 36th Leg. 2d Called Sess. (Vernon's Ann. Pen. Code Supp. 1922, arts. 588¼ to 588¼a4) in which amendment the definition of the offense was changed. An indictment for the possession of intoxicating liquor under the present law can be maintained only where the possession is for the purpose of sale. The insufficiency of the indictment charging the offense of which the appellant is convicted requires that the cause be reversed, and the prosecution dismissed. See Francis v. State, (Tex. Cr. App.) 235 S. W. 580; Ex parte Mitchum (Tex. Cr. App.) 237 S. W. 936, recently decided, but not yet [officially] reported.