## PLUTARCO SOLIZ v. STATE.

No. 26,251. April 29, 1953.
Appellant's Motion for Rehearing Denied (Without
Written Opinion) June 24, 1953.

*F. G. Garza,* Edinburg, for appellant.

*Sam H. Burris,* County Attorney, Alice, and *Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Rape by force is the offense, with punishment affixed at fifty years' confinement in the penitentiary.

This prosecution arose in Duval County. The state, through its district attorney, sought to have the venue changed. The trial court, upon his own motion, changed the venue to Jim Wells County, which is not only the county nearest the courthouse of Duval County but also in the same judicial district.

When the case was called for trial in Jim Wells County, appellant filed what he denominated a plea to the jurisdiction of the court. The basis for such contention, however, was that the venue of the case was improperly and without authority transferred from Duval County.

The order changing the venue is in all things regular upon its face, and shows that the court found "that a trial alike fair and impartial to the accused and to the state cannot be had in this Duval County, because of the wide notoriety of the case and of the prominence of all parties in the case."

Such order was expressly authorized by the provisions of Art. 560, C. C. P., and was, in all things, sufficient to confer jurisdiction upon the court to which venue was changed.

Appellant's challenge to the jurisdiction of the district court of Jim Wells County is without merit.

At the time the order changing the venue was entered, appellant did not except thereto. Not having done so, he could not thereafter challenge that order for procedural errors. Hill v. State, 123 Tex. Cr. R. 552, 59 S. W. 2d 411.

An erroneous exercise of judicial discretion in changing the venue of a case does not affect the jurisdiction of the court to which venue has been transferred. Cotter v. State, 113 Tex. Cr. R. 535, 21 S. W. 2d 503; Seaton v. State, 115 Tex. Cr. R. 175, 29 S. W. 2d 375.

Various motions for continuance and for postponement appear in the transcript, none of which shows to have been presented to or acted upon by the trial court. Consequently, they are not before us for consideration.

Prosecutrix, a thirty-seven-year-old married woman, resided with her husband on a farm or ranch about three and a half miles from Benavides, in Duval County. On the night of the alleged offense, her husband was away on a hunting trip and she was at home with only her three-year-old nephew. According to the testimony of prosecutrix, she awakened to find appellant in her bedroom. Without stating the details, the testimony shows that appellant, after having broken into the house, then by force raped and ravished her.

Appellant, twenty-two years of age, had worked for the husband of prosecutrix and was well known to her. She was positive in her identification of appellant as her assailant.

Appellant admitted having engaged in an act of sexual intercourt with the prosecutrix at the time and place alleged, but testified that it was entirely with her consent and invitation and in keeping with an understanding to meet her at the time.

Thus, the sole question presented for review is that of consent.

The jury accepted and believed the testimony of the prosecutrix—which was within its province to do.

The indictment charged rape by force, threats, and fraud.

Appellant presented a special requested charge, seeking to have the jury instructed to disregard the allegation of threats and fraud.

While the trial court did not specifically so instruct the jury, he did, nevertheless, limit them to a finding that the rape was committed by force. Also, the jury was instructed to acquit if

it entertained a reasonable doubt that the act of intercourse was with the consent of the prosecutrix. Threats and fraud, then, were not before the jury as a part of the offense charged.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.