EX PARTE PLUTARCO SOLIZ.

No. 26,617. October 21, 1953.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) December 16, 1953.

*Jack K. Pedigo,* Corpus Christi, for relator.

*Sam H. Burris,* County Attorney, Alice, and *Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is an original application for habeas corpus which was set down for hearing to determine whether or not the writ should issue. We have concluded that the application should be refused.

Relator was indicted for rape in Duval County and a conviction in Jim Wells County, after change of venue, was affirmed

by this court. Soliz v. State, 158 Tex. Cr. Rep. 662, 258 S.W. 2d 811. He is now an inmate of the penitentiary.

In this proceeding it is contended that the judgment of conviction is void because:

(1)   The indictment upon which he was tried in Jim Wells County was not certified to by the clerk of the district court of Duval County.

(2)   There is no order of the district judge selecting the jury commission which selected the grand jury panel from which the grand jury was impaneled.

(3)   A quorum of the grand jury was not present when the question of returning an indictment against relator was voted on.

This is a collateral attack upon the judgment of conviction and unless the judgment is void the attack must fall.

There is nothing to show that the original indictment was not forwarded by the clerk of the district court of Duval County to the clerk of the district court of Jim Wells County, as required by Art. 570 C.C.P.

Nor is it alleged that the jury commissioners who selected the grand jurors were not in fact appointed by the district judge to whom they delivered the list of grand jurors so selected by them.

The statute, Art. 333 V.A.C.C.P., does not require the entry of an order appointing jury commissioners, also, its provisions are directory and not mandatory. Ex parte Traxler, 148 Tex. Cr. Rep. 550, 189 S.W. 2d 749; Harris v. State, 123 Tex. Cr. Rep. 161, 58 S.W. 2d 513.

Admittedly a grand jury of twelve men was impaneled, ten of whom were present when the indictment was returned and delivered to the judge in open court.

There was no motion to quash the indictment and no question otherwise raised prior to or at the trial regarding the presence of a quorum at the time the vote was taken. A quorum having returned the indictment the regularity of the manner of voting cannot be questioned by collateral proceeding after con-

viction. The indictment is not void because of the alleged irregularity prior to its delivery in open court to the judge.

Ex parte Ogle, 61 S.W. 122, and other cases cited by relator, deal with grand juries composed of more or less than twelve jurors, in violation of Art. 5, Sec. 13 of the Constitution of Texas, and are not in point. The instant grand jury was composed of twelve, nine or more constituting a quorum. Constitution of Texas, Art. 5, Sec. 13; Art. 371 C.C.P.

The application for writ of habeas corpus is refused.