EX PARTE W. J. BRANNON

No. 28,393. June 6, 1956.

*Rex Emerson,* Odessa and *C. S. Farmer,* Waco, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

312

WOODLEY, Judge.

Appellant is held in jail pending his appeal to this court from a conviction for the offense of making threats to extort money, as defined in Art. 1268(a) V.A.P.C. Having been assessed a term of 25 years in the penitentiary, he is not allowed to make bond.

This is an appeal from an order in a habeas corpus proceeding wherein, after hearing, the district judge refused to discharge him.

The conviction is attacked as void upon the contention that the count in the indictment under which he was convicted is too vague, uncertain and indefinite; fails to set out in intelligible language the violation of any law known as a penal offense in this state, and is so vague and indefinite and ambiguous as to be incapable of being understood and therefore does not meet the statutory requirements as to the requisites of an indictment.

Appellant recognizes the rule that habeas corpus is not available and cannot be used to test the validity of an indictment, but contends that such rule is not here applicable because the indictment is void for the reasons above assigned.

We do not construe the prior decisions of this court as authorizing the present attack upon the indictment.

The indictment was regularly presented in a court of competent jurisdiction by a grand jury regularly organized.

The validity of the statute under which the indictment was drawn is not challenged. There is a valid law under which the prosecution could be maintained.

Under the authorities cited the indictment so presented, however irregular or insufficient in its averments, is not subject to attack by habeas corpus proceedings. Ex parte McKay, 82 Tex. Cr. R. 221, 199, S.W. 637; Ex parte Mitchum, 91 Tex. Cr. R. 62, 237 S.W. 936; Ex parte Minor, 146 Tex. Cr. R. 159, 172 S.W. 2d 347; Ex parte Soliz, 159 Tex. Cr. R. 273, 262 S.W. 2d 502; Branch's Ann. P.C., p. 151, Sec. 239.

The sufficiency of the indictment as against the attack here

made is a question reserved for determination upon the appeal from the conviction.

The judgment is affirmed.