**Ex parte William OLIVER.**

No. 36516.

Court of Criminal Appeals of Texas.

Feb. 5, 1964.

No attorney of record on appeal for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Jon N. Hughes and James I. Smith, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant is held in custody by the sheriff of Harris County to answer twelve indictments charging him with certain felony offenses. Seven of the indictments charge appellant, in separate counts, with the offenses of conspiracy to commit felony theft and felony theft; two of the indictments charge him with the offense of conspiracy to commit felony theft; and three charge him with the offense of felony theft as a second offender.

Bond having been set at $1,000 in each case, in the total sum of $12,000, appellant sought his release from custody by petition for writ of habeas corpus presented to the Honorable A. H. Krichamer, Judge of Criminal District Court No. 4 of Harris County.

In the petition, appellant alleged that he was being illegally confined and restrained of his liberty in that there was no evidence to support the allegations contained in the indictments. Appellant further alleged that the bail which had been set was excessive in amount and he was unable to make same. Prayer was that he be discharged, but, in the event the court did find that there was evidence upon which to hold him, that the court reduce the amount of bail to a reasonable sum.

Judge Krichamer duly issued the writ of habeas corpus and, after a hearing, denied appellant's application for discharge and remanded him to custody of the sheriff.

From such order, appellant gave notice of appeal.

At the hearing, the state offered in evidence the indictments and capiases issued in the twelve cases charging appellant with the offenses of conspiracy to commit a felony and felony theft.

Appellant sought to quash the second count in seven of the indictments, on the ground that the allegations were insufficient to charge an offense.

Appellant also sought to offer testimony that the charges against him were maliciously made, in support of his contention that there was no evidence upon which to base the prosecution. This testimony the court refused to hear.

C. C. Divine, appellant's counsel, upon being called as a witness, testified that he had tried to make bond for appellant but that he had been unable to obtain anyone who would agree to make bond for him in excess of $5,000. Attorney Divine further stated that appellant owned both real and personal property in Harris County but did not, in his testimony, establish its value.

Claudell Scott, called as a witness by appellant, stated that he was engaged in the business of posting bail bonds in criminal cases and that he would make bond for appellant up to $5,000.

Under the record, we find no error in the court's refusal to discharge appellant.

It is a well-settled rule that where an indictment is regularly presented in a court of competent jurisdiction by a grand jury regularly organized and there is a valid law under which the prosecution can be maintained, habeas corpus cannot be used to test the validity of the indictment, however irregular or insufficient in its averments. Ex parte Brannon, 163 Tex.Cr. R. 311, 290 S.W.2d 914; Ex parte Mitchum, 91 Tex.Cr.R. 62, 237 S.W. 936.

The sufficiency of the evidence to support the accusation in an indictment may not be tested by habeas corpus. Ex parte Mauck, 158 Tex.Cr.R. 200, 254 S.W.2d 128.

It is also the rule that the proper amount of bail must, of necessity, rest largely in the discretion of the trial judge. Ex parte Mathews, 154 Tex.Cr.R. 60, 204 S.W.2d 992.

We are unable to say, under the record here presented, that the trial judge abused his discretion in refusing to reduce the amount of bail in each of the twelve cases against appellant.

The judgment is affirmed.

Opinion approved by the Court.