## Ex parte Richard Edward LeCLAIR.

### No. 42807.

Court of Criminal Appeals of Texas.

Feb. 18, 1970.

On Rehearing April 8, 1970.

Warren Burnett, Odessa, Sam Houston Clinton, Jr., Austin, for appellant.

Robert O. Smith, Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order in a habeas corpus proceeding wherein after hearing, Mace B. Thurman, Jr., Judge of the 147th District Court, refused to dis-charge appellant. The appellant has not been convicted but has been charged by indictment[1] which reads as follows:

"THE GRAND JURY, for the County of Travis, State of Texas duly selected, empaneled, sworn, charged and organized as such at the October Term A.D. 1969 of the 147th Judicial District Court for said County, upon their oaths present in and to said court at said term that RICHARD EDWARD LeCLAIR, GREGORY SCOTT MILLER, JAMES CLIFTON SPARKS, RANDOLPH CARLEY and other persons on or about the 10th day of November A.D. 1969, and before the presentment of this indictment, in the County of Travis, and State of Texas, did then and there engage in a riot, in that the said RICHARD EDWARD LeCLAIR, GREGORY SCOTT MILLER, JAMES CLIFTON SPARKS, and RANDOLPH CARLEY, together with other persons, did then and there unlawfully assemble together and engage in disorderly conduct, to-wit: did at the Main Campus of the University of Texas, at Austin, Texas, a public place, engage in violent, abusive, indecent, profane, boisterous, unreasonably loud and disorderly conduct under circumstances in which such conduct tended to cause and provoke a disturbance;

"And the Grand Jurors aforesaid upon their oaths aforesaid at said term do further present in and to said court that while the said RICHARD EDWARD LeCLAIR, GREGORY SCOTT MILLER, JAMES CLIFTON SPARKS, and RANDOLPH CARLEY, together with other persons were engaged in and participating in said riot, said participants in said riot did then and there commit the felony act of injuring and destroying the property of another, to-wit: did then and there by cutting and slashing wilfully injure and destroy certain property of another, to-wit: motor vehicle tires

---

1. This habeas corpus proceeding was instituted alleging excessive bail. This contention is moot because he is now on bail.

belonging to the State of Texas, the value of the property destroyed being over the value of fifty dollars, without the consent of Joe Thompson, the person in charge thereof, against the peace and dignity of the State.

/s/ Willard C. Houser
Foreman of the Grand Jury"

It is contended that the indictment "[I]s void in that there is no valid statute or combination of statutes constituting a prohibition against doing the acts set forth therein in the manner alleged."

Appellant recognizes the rule that habeas corpus is not available and cannot be used to test the validity of an indictment, but contends that the indictent is void because there is no valid law under which the prosecution could be maintained, and that Articles 455, 466 and 1350, Vernon's Ann. P.C., cannot be used in combination as the basis for prosecution in an indictment.

The following Articles of the Penal Code provide:

Article 455: "If the persons unlawfully assembled together do or attempt to do any illegal act, all those engaged in such illegal act are guilty of riot." [2]

Article 466: "Whoever by engaging in a riot shall commit any illegal act other than those mentioned in the ten preceding articles shall, in addition to receiving the punishment affixed to such illegal act, be also confined in jail not exceeding one year, or be fined not exceeding one thousand dollars."

Article 474, Sec. 1: "No person, acting alone or in concert with others, may engage in disorderly conduct. Disorderly conduct consists of any of the following:

" * * *

"(5) in a public or private place engages in violent, abusive, indecent, profane, boisterous, unreasonably loud, or otherwise disorderly conduct under circumstances in which such conduct tends to cause or provoke a disturbance; * * *." [3]

Article 1350: "(1) (b) It shall be unlawful for any person to wilfully injure or destroy, or attempt to injure or destroy, any property belonging to the State of Texas, any county, city, town, village, school district, or any other district or political subdivision of this State or any property belonging to any department, board, commission, or agency of the State or any such county, city, town, village, district, or political subdivision, of any kind whatsoever, without the consent of the person in charge of such property.

" * * *

"(3) Whoever shall violate the provisions of Subdivision (1) hereof shall be punished as follows:

"(a) When the value of the property destroyed or the extent of the injury inflicted is of the value of Fifty ($50.00) Dollars, or over, he shall be confined in the penitentiary not less than two (2) nor more than twenty (20) years."

Appellant contends that the riot statutes do not sanction the theory of the State to reach the felony offense of destruction of property; and that an indictment will not support a combination of the statutes.

Ex parte Oliver, Tex.Cr.App., 374 S.W. 2d 894, held that the sufficiency of the indictment could not be tested by habeas corpus, and

"It is a well-settled rule that where an indictment is regularly presented in a court of competent jurisdiction by a grand jury regularly organized and there is a valid law under which the prosecution can be maintained, habeas corpus

---

2. Articles 456 through 465, V.A.P.C., provide for penalties for those engaging in riots for specified purposes.

3. The punishment for one convicted for engaging in disorderly conduct is by fine not exceeding $200.00. Article 474, Sec. 2, V.A.P.C.

cannot be used to test the validity of the indictment, however irregular or insufficient in its averments. Ex parte Brannon, 163 Tex.Cr.R. 311, 290 S.W.2d 914; Ex parte Mitchum, 91 Tex.Cr.R. 62, 237 S.W. 936."

See Ex parte Miller, 172 Tex.Cr.R. 590, 360 S.W.2d 879; Ex parte Spencer, 171 Tex.Cr.R. 339, 349 S.W.2d 727; Johnson v. Walker, 317 F.2d 418 (5th Cir. 1963), and Ex parte Rubin, Tex.Cr.App., 362 S.W.2d 331 and the cases there cited.

To uphold appellant's contention the riot statutes as well as the malicious destruction of property statute would have to be unconstitutional. No Texas case has been found where the constitutionality of Articles 455 or 466, supra, has been challenged. Statute similar to our riot statutes was upheld where it had been attacked as being vague by a United States District Court for the District of Columbia in United States v. Jeffries et al., 45 F.R.D. 110 (1968). See National Mobilization Committee to End War in Viet Nam v. Foran, 297 F. Supp. 1 (N.D.Ill.E.D.1968), and the cases therein cited.

An incitement to riot statute was upheld by the Supreme Court of California in People v. Davis, 68 Cal.2d 481, 67 Cal.Rptr. 547; 439 P.2d 651 (1968). There it was contended that the enforcement of the statute would amount to an impermissible limitation on freedom of speech.

Articles 455 and 466, supra, are not vague and would not through proper application infringe on the guaranty of free speech. We hold the statutes to be valid.

Appellant insists that the theory of the district attorney in using the riot statutes and the wilful destruction of property statutes in the same indictment constitute an unconstitutional deprivation of due process because it would make appellant criminally responsible for acts or conduct of others that he himself in no way intended or participated.[4]

Rioting does encompass a wide variety of activity, but the constitutionality of statute does not depend on its possible misapplication. United States v. Woodard, 376 F.2d 136 (7th Cir. 1967); National Mobilization Committee v. Foran, supra.

Appellant argues that because the district attorney admitted that he knew of no evidence that appellant actually cut or slashed the motor vehicle tires as alleged in the indictment he is entitled to relief. This has no bearing on the validity of either statute. The sufficiency of the evidence to support the accusation in an indictment may not be tested by habeas corpus. Ex parte Oliver, Tex.Cr.App., 374 S.W.2d 894.

Article 1350(1) (b), supra, is a valid statute upon which a prosecution could be based, as well as the riot statutes. We do not pass upon the question whether these statutes in combination may be the basis for prosecution under the same indictment. In the event of trial and conviction, any errors in the indictment as well as the sufficiency of the evidence can be raised on appeal.

The trial court did not err in denying relief under the application for habeas corpus. The judgment is affirmed.

### OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Judge.

Following original submission this court in an opinion dated February 18, 1970, denied the relief sought in this appeal from an order entered in a habeas corpus proceeding in the 147th District Court of Travis County. The appellant then filed his mo-

---

4. Article 468, V.A.P.C., provides: "One engaged in any riot whereby an illegal act is committed shall be deemed guilty of the offense of riot, according to the character and degree of such offense, whether the said illegal act was in fact perpetrated by him or by those with whom he is participating."

tion for rehearing on February 25, 1970, and it was submitted on March 18, 1970.

On March 24, 1970, the appellant filed his motion to dismiss his appeal. Attached to such motion to dismiss this appeal is a certified copy of a motion to dismiss and an order entered in the said 147th District Court dated March 24, 1970, dismissing the indictment which formed the basis of the question presented by this appeal.

The indictment having been dismissed, the appeal, at appellant's request, is dismissed.

It is so ordered.

MORRISON, J., not participating.