### Ex parte Gary PATTERSON.

### No. 44575.

Court of Criminal Appeals of Texas.

Oct. 26, 1971.

Brooks Holman, Philip Presse, Nancy Taylor, Austin, for appellant.

Robert O. Smith, Dist. Atty., and Michael J. McCormick, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order in a habeas corpus proceeding wherein after hearing, the Honorable Mace B. Thurman, Jr., Judge of the 147th District Court, refused to discharge appellant finding that there is a valid law in effect under which he was charged. The appellant has not been convicted but has been charged by indictment for unlawfully possessing a dangerous drug, to-wit: lysergic diethylamide acid (LSD), on or about the 3rd day of July, 1971.

It is contended by appellant that he is restrained of his freedom unconstitutionally in that there is no valid statute prohibiting the possession of LSD under which he can be prosecuted.[1]

The main contention of the appellant is that Article 726d, Vernon's Ann.P.C., as

---

1. Ordinarily we do not pass upon the sufficiency of an indictment to charge an offense prior to trial. We do so only when it is contended that there is no valid law making the act he is alleged to have committed a crime. See Ex parte LeClair, Tex.Cr.App., 451 S.W.2d 918.

amended by H.B. 267 and H.B. 1649, Acts of the 62nd Legislature, Regular Session, 1971, is "unconstitutionally void and indefinite wherein it attempts to proscribe the possession of LSD because the punishment for such offense is so indefinite as to be inoperative."

House Bill 267, making offer to sell or deliver a dangerous drug a felony offense, was passed by the House on May 11, 1971, by the Senate on May 26, 1971, and the House concurred in the Senate Amendments on May 30, 1971. The Governor approved the Act by his signature on June 8, 1971, and because of the emergency clause the Act became effective on that date. State Highway Department v. Gorham, 139 Tex. 361, 162 S.W.2d 934.

House Bill 1649, making (among other things) first possession of LSD a felony, was passed by the House on May 19, 1971; and by the Senate on May 29, 1971. The Governor approved the Act by his signature on June 14, 1971, and because of the emergency clause the Act became effective on that date. Id.

The rule concerning the construction of two acts in pari materia passed at the same session was restated from Cain v. State, 20 Tex. 355, by the Supreme Court of Texas speaking through Justice Hickman in Wright v. Broeter, 145 Tex. 142, 196 S.W.2d 82, and is as follows:

" * * * . The rule is, that in the construction of acts of the same session, the whole must be taken and construed as one act, and to make a latter provision repeal a former, there must be an express repeal, or an irreconcilable repugnancy between them; and then the latter will control. * * *"

The Court also stated:

" * * * [n]othing short of expressions so plain and positive as to force upon the mind an irresistible conviction, or absolute necessity, will justify a court in presuming, that it was the intention of the legislature that their acts passed at the same session, should abrogate and annul one another. * * *" See 52 Tex.Jur.2d, Statutes, Sections 186 and 188.

House Bill 267 only amends Section 3 and Section 15, subsection (b) of Article 726d, V.A.P.C. House Bill 1649 amends Sections 2, 3, 4 and 15 of Article 726d. To determine if there is an irreconcilable conflict between the two bills concerning the first time possession of LSD, we set out below parts of the two bills wherein they amend the same sections and subsections of Article 726d. The basic text is that of H.B. 1649 and the provisions of H.B. 267 are inserted in brackets and italicized:

Amending Section 3, Article 726d.

(a) The delivery [*or offer of delivery*] of any dangerous drug unless:

(1) Such dangerous drug is delivered [*or offered to be delivered*] by a pharmacist, upon [*on*] an original prescription, and there is affixed to the immediate container in which such drug is delivered [*or offered to be delivered*] a label bearing the name and address of the owner of the establishment from which such drug was delivered [*or offered to be delivered*]; the date on which * * (no further changes);

(2) Such dangerous drug is delivered [*or offered to be delivered*] by a practitioner in the course of his practice and the immediate container in which such drug is delivered [*or offered to be delivered*] bears a label * * * (no further changes).

Amending Section 15 of Article 726d.

(a) Any person possessing in violation of Section 3 of this Act any dangerous drug defined in Section 2(a) of this Act, except those defined in Section 2(a) (3), (Note: This Section includes LSD) shall be fined an

amount not to exceed Three Thousand Dollars ($3,000) or confined in jail for a period of not less than thirty (30) days nor more than two (2) years or by both such fine and imprisonment. For any second or subsequent violation, any person shall be guilty of a felony and shall be confined in the penitentiary not less than two (2) years nor more than ten (10) years.

(b) Any person possessing in violation of Section 3 of this Act any dangerous drug defined in Section 2(a) (3) of this Act shall be guilty of a felony and shall be confined in the penitentiary not less than two (2) years nor more than ten (10) years. [*Any person who sells or delivers or offers to sell or deliver in violation of this Act any dangerous drug defined in this Act, shall be guilty of a felony and upon conviction is punishable by confinement in the penitentiary for not less than two (2) nor more than ten (10) years. Proof of an offer to sell must be corroborated by a person other than the offeree or by evidence other than a statement of the offeree.*]

(c) Any person who possesses for sale any dangerous drug in violation of Section 3 of this Act shall be guilty of a felony and shall be confined in the penitentiary for not less than two (2) years nor more than ten (10) years.

(d) Any person who sells or delivers in violation of this Act any dangerous drug defined in this Act, shall be guilty of a felony and upon conviction is punishable by confinement in the penitentiary for not less than two (2) nor more than ten (10) years.

(e) Any person violating any other provision of this Act not set out in Subsection (a) or (b) of this section shall be fined an amount not exceeding Three Thousand Dollars ($3,000) or confined in jail for a period of not less than thirty (30) days nor more than two (2) years, or by both such fine and imprisonment. For any second or subsequent violation any person shall be guilty of a felony and shall be confined in the penitentiary not less than two (2) years nor more than ten (10) years.

House Bill 267 and H.B. 1649 can be harmonized in their amendments of Section 3 of Article 726d. House Bill 267 merely extends the offense of delivery to include the offer of delivery. No irreconcilable conflict exists in this portion of the amendments.

In amending Section 15 of Article 726d the only material difference between H.B. 267 and H.B. 1649, pertaining to this appeal, is that their amendment to Subsection (b) provides punishments for different offenses: H.B. 267 providing a felony punishment for sale or delivery or the offer to sell or deliver any dangerous drug; H.B. 1649 providing a felony punishment for first time possession of LSD. Since the punishments relate to different offenses they are not in conflict.

Appellant is restrained of his freedom under a valid act, to-wit: Article 726d, V.A.P.C., as amended by both H.B. 267 and H.B. 1649 providing that first time possession of LSD is punishable as a felony.

The trial court did not err in denying relief under the application for habeas corpus. The judgment is affirmed.

ROBERTS, J., not participating.