

# The Attorney General of Texas

October 20, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Tom Craddick, Chairman
Committee on Natural Resources
House of Representatives
Austin, Texas    78711

Opinion No. MW-377

Re:    Construction of con-
current amendments to article
2.01b Texas Election Code,
Ann.

Dear Chairman Craddick:

In your request for our opinion you raise the following question:

> Would a confirmation election, director election
> or maintenance tax election held in conjunction
> with the creation of a political subdivision
> provided for by article XVI, section 59 of the
> Texas Constitution, which furnishes water or sewer
> services to household users, be valid if conducted
> on a date other than one of the uniform election
> dates under the provision of Senate Bill 776?

Article 2.01b of the Election Code requires that elections be held on certain uniform dates, but exempts certain specific types of elections from this requirement. Prior to this session of the legislature the only exempted elections were run-off elections, political subdivisions using the convention method of election, "elections held under chapter 467, acts of the 44th Legislature, 2d Called Session, 1935, as amended," i.e., local option liquor elections, elections for bonds and school maintenance taxes, and the biennial party primary elections.

Senate Bill 776, which was finally passed by the legislature on May 23, 1981, and signed by the governor on June 8, 1981, amends paragraph (1) of article 2.01b to exempt certain other elections from its provisions, specifically:

> ....confirmation elections, director elections,
> and maintenance tax elections, held in conjunction
> with the creations of political subdivisions
> provided for by Article XVI, Section 59 of the
> Texas Constitution, which furnish water or sewer
> services to household users.

On May 30, 1981, House Bill 1487 was finally passed by the legislature and was signed by the governor on June 15, 1981.

House Bill 1487 also amends paragraph (1) of article 2.01b by substituting the words "local option election held under the Alcoholic Beverage Code" for the third type of exempted election ("elections held under Chapter 467, Acts of the 44th Legislature, 2d Called Session, as amended"), and inserting the underlined words in the fourth item listed above - "elections for bonds and elections for school maintenance taxes."

House Bill 1487 makes no reference to Senate Bill 776, nor does Senate Bill 776 make reference to House Bill 1487.

Based on these facts, we may rephrase your question as follows:

> Did the adoption of House Bill 1487 repeal, by implication or otherwise, the provisions of Senate Bill 776?

The answer to this question is governed by the Texas Code Construction Act, article 5429b-2, V.T.C.S., which provides at section 3.05(b):

> ...if amendments to the same statute are enacted at the same session of the legislature, one amendment without reference to another, the amendments shall be harmonized, if possible, so that effect may be given to each. If the amendments are irreconcilable, the latest in date of enactment prevails.

While the Election Code is not a "code enacted by the 60th or a subsequent Legislature as part of the state's continuing statuatory revision program" article 5429b-2, section 1.02(1), the provisions in question are "amendments[s]... of a code, or provision thereof, enacted by the 60th or a subsequent Legislature." Id. sec. 1.02(2). Barbee v. State 432 S.W.2d 78 (Tex. Crim. App. 1968) cert. den. 395 U.S. 924 (1969). See also Thiel v. Harris County Democratic Executive Committee, 534 S.W.2d 891 (Tex. 1976). Therefore, these amendments must be harmonized, if possible.

Even if the Code Construction Act did not apply, it has long been settled law in Texas that, whenever the same session of the legislature enacts two statutes on the same subject, if neither bill referred to the other, then they would be construed to give effect to both if possible. Wright v. Broeter, 196 S.W.2d 82, (Tex. 1946); Cain v. State, 20 Tex. 355 (1857). This is true even when the two bills amend exactly the same provisions, but use different language. Ex parte Patterson, 474 S.W.2d 463 (Tex. Crim. App. 1971). Repeal by implication is not favored, and will be found only if the conflict

between the contemperaneous statutes is irreconcilable.   Wright v. Broeter, supra, Ex parte Patterson, supra.

In this case, there is no language suggesting that House Bill 1487 repeals Senate Bill 776. Furthermore, there is no irreconcilable conflict between Senate Bill 776 and House Bill 1487. It is clear that the addition of certain elections involving water districts, the subject of Senate Bill 776, will not conflict with House Bill 1487, which merely clarifies existing languate regarding local option elections and school maintenance tax elections. Since there is no irreconcilable conflict, both enactments can be given effect, and those elections included in Senate Bill 776 may be held on non-uniform dates.

## S U M M A R Y

The provisions of Senate Bill 776, permitting conformation elections, director elections, and maintenance tax elections held in conjunction with the creation of political subdivisions provided for by article XVI, section 59 of the Texas Constitution which furnish water or sewer service to household users were not repealed by implication by the passage of House Bill 1487. Such elections need not be held on the uniform dates provided by article 2.01b of the Election Code.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Buz Gary
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Buz Gary
Rick Gilpin
Jim Moellinger