Honorable Tom Craddick Chairman Committee on Natural Resources House of Representatives Austin, Texas 78711
Re: Construction of concurrent amendments to article 2.01b Texas Election Code, Ann.
Deal Chairman Craddick:
In your request for our opinion you raise the following question:
 Would a confirmation election, director election or maintenance tax election held in conjunction with the creation of a political subdivision provide for by article XVI, section 59 of the Texas Constitution, which furnishes water or sewer services to household users, be valid if conducted on a date other than one of the uniform election dates under the provision of Senate Bill 776?
Article 2.01b of the Election Code requires that elections be held on certain uniform dates, but exempts certain specific types of elections from this requirement. Prior to this session of the legislature the only exempted elections were run-off elections, political subdivisions using the convention method of election, `elections held under chapter 467, acts of the 44th Legislature, 2d Called Session, 1935, as amended,' i.e., local option liquor elections, elections for bonds and school maintenance taxes, and the biennial party primary elections.
Senate Bill 776, which was finally passed by the legislature on May 23, 1981, and signed by the governor on June 8, 1981, amends paragraph (1) of article 2.01b to exempt certain other elections from its provisions, specifically:
 . . . confirmation elections, director elections, and maintenance tax elections, held in conjunction with the creations of political subdivisions provided for by Article XVI, Section 59 of the Texas Constitution, which furnish water or sewer services to household users.
On May 30, 1981, House Bill 1487 was finally passed by the legislature and was signed by the governor on June 15, 1981.
House Bill 1487 also amends paragraph (1) of article 2.01b by substituting the words `local option election held under the Alcoholic Beverage Code' for the third type of exempted election (elections held under Chapter 467, Acts of the 44th Legislature, 2d Called Session, as amended'), and inserting the underlined words in the fourth item listed above — `elections for bonds and elections for school maintenance taxes.'
House Bill 1487 makes no reference to Senate Bill 776, nor does Senate Bill 776 make reference to House Bill 1487.
Based on these facts, we may rephrase your question as follows:
 Did the adoption of House Bill 1487 repeal, by implication or otherwise, the provisions of Senate Bill 776?
The answer to this question is governed by the Texas Code Construction Act, article 5429b-2, V.T.C.S., which provides at section 3.05(b):
 . . . if amendments to the same statute are enacted at the same session of the legislature, one amendment without reference to another, the amendments shall be harmonized, if possible, so that effect may be given to each. If the amendments are irreconcilable, the latest in date of enactment prevails.
While the Election Code is not a `code enacted by the 60th or a subsequent Legislature as part of the state's continuing statutory revision program' article 5429b-2, section 1.02(1), the provisions in question are `amendments[s] . . . of a code, or provision thereof, enacted by the 60th or a subsequent Legislature.' Id. sec. 1.02(2). Barbee v. State 432 S.W.2d 78
(Tex.Crim.App. 1968) cert. den. 395 U.S. 924 (1969). See also Thiel v. Harris County Democratic Executive Committee,534 S.W.2d 891 (Tex. 1976). Therefore, these amendments must be harmonized, if possible.
Even if the Code Construction Act did not apply, it has long been settled law in Texas that, whenever the same session of the legislature enacts two statutes on the same subject, if neither bill referred to the other, then they would be construed to give effect to both if possible. Wright v. Broeter, 196 S.W.2d 82, (Tex. 1946); Cain v. State, 20 Tex. 355 (1857). This is true even when the two bills amend exactly the same provisions, but use different language. Ex parte Patterson, 474 S.W.2d 463
(Tex.Crim.App. 1971). Repeal by implication is not favored, and will be found only if the conflict between the contemporaneous statutes is irreconcilable. Wright v. Broeter, supra, Ex parte Patterson, supra.
In this case, there is no language suggesting that House Bill 1487 repeals Senate Bill 776. Furthermore, there is no irreconcilable conflict between Senate Bill 776 and House Bill 1487. It is clear that the addition of certain elections involving water districts, the subject of Senate Bill 776, will not conflict with House Bill 1487, which merely clarifies existing language regarding local option elections and school maintenance tax elections. Since there is no irreconcilable conflict, both enactments can be given effect, and those elections included in Senate Bill 776 may be held on non-uniform dates.
 SUMMARY
The provisions of Senate Bill 776, permitting conformation elections, director elections, and maintenance tax elections held in conjunction with the creation of political subdivisions provided for by article XVI, section 59 of the Texas Constitution which furnish water or sewer service to household users were not repealed by implication by the passage of House Bill 1487. Such elections need not be held on the uniform dates provided by article 2.01b of the Election Code.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Buz Gary Assistant Attorney General