**Ex parte Marsha (Childress) SIMPSON, Appellant.**

No. 2–84–320–CR.

Court of Appeals of Texas, Fort Worth.

March 14, 1985.

Danny D. Burns, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Russell Saunders, Fort Worth, for appellee.

Before ASHWORTH, JOE SPURLOCK, II and HILL, JJ.

## OPINION

ASHWORTH, Justice.

This is an appeal from a habeas corpus proceeding in the 213th District Court held for the purpose of setting bail for appellant for each of three separately indicted and pending felony cases. The trial judge, after a lengthy hearing, set bail in the amount of (1) $100,000 in cause no. 0206877R, manufacturing of amphethamines of less than 200 grams, enhanced by two prior felonies; (2) $50,000 in cause no. 0225310D, felony failure to appear, or bail jumping, enhanced by two prior felonies; and (3) $100,000 in cause no. 0243800, possession of amphetamines of less than 200 grams with intent to deliver, enhanced by one prior felony. The date of the offense alleged in the first cause is February 9, 1982; the date of the second alleged of-

fense is November 28, 1983; and the date of the third offense is October 28, 1984. Appellant claims that the amounts of the bonds are excessive.

We affirm and deny the relief sought.

The proof shows that, on the date alleged in the third indictment, appellant was arrested in Dallas County following an automobile accident as the result of which she is charged with involuntary manslaughter. At the time of that arrest, appellant was shown to have been a fugitive from justice since November, 1983. The arresting officer had difficulty in establishing appellant's identity since she stated her name was Belinda Elaine Free and offered an altered driver's license bearing that name. In her purse was another altered driver's license in the name of Leatrice Reeves Hale along with other I.D. cards in the name of Marcia Bishop and Lea Hale. Both drivers licenses bore appellant's photograph.

Testifying in her own behalf, appellant stated that she hadn't had an address "for a while" and in the past 18 months had lived in 30 or 40 motels. She stated that she had disabling injuries from the auto accident, that she had tried to make the bonds without success. She owns no property other than jewelry which might sell for $5000 and she would have to rely on her family for help in making the bonds. She further testified that a $5000 bond in each case is the most she could make.

■ In her sole ground of error, appellant claims: "The trial court erred in failing to reduce the bail bonds in the present case to a reasonable amount." To support such claim, she argues that the court was acting under a clear mistake of fact and law, in that he set $50,000 as a proper bond amount for the bail jumping case thereby adopting $50,000 as the maximum amount of bond in a third degree felony enhanced, and he set a bond in double that amount for the other two cases, which also are third degree felonies, enhanced. We are cited to no authority for the proposition that, having found $50,000 to be appropriate for one case of third degree felony enhanced, the trial court may not exceed

that sum in setting bond for another third degree felony, likewise enhanced, but for a different type of offense, committed at another time, under different facts and circumstances.

■ Appellant also attacks the sufficiency of the pleadings in one indictment and the practice of using the same conviction more than once for the purpose of enhancement. As to the latter claim, we observe that TEX.PENAL CODE ANN. sec. 12.46 (Vernon Supp.1985), effective June 7, 1979, provides: "The use of a conviction for enhancement purposes shall not preclude the subsequent use of such conviction for enhancement purposes."

■ Appellant's attack on the substance of one of the indictments in the record must be rejected, because it has been frequently held that questions as to the sufficiency of an indictment may not properly be raised upon a habeas corpus hearing. *Johnson v. State*, 645 S.W.2d 921 (Tex. App.—Fort Worth, 1983); *Ex parte Spencer*, 171 Tex.Cr.R. 339, 349 S.W.2d 727 (Tex. Crim.App.1961); *Ex parte Heartsill*, 118 Tex.Cr.R. 157, 38 S.W.2d 803 (Tex.Crim. App.1931).

Regarding appellant's claim of excessiveness of the bonds, we are mindful of TEX. CODE CRIM.PROC.ANN. art. 17.15 (Vernon 1977) which provides:

The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

The burden of proof is on the person seeking the reduction of bail to show that the bail set is excessive. *Ex parte Rodriguez*, 595 S.W.2d 549 (Tex. Crim.App.1980). There is no precise standard for reviewing bail bond settings. *Ex parte Pemberton*, 577 S.W.2d 266 (Tex. Crim.App.1979).

We have reviewed the entire record and have considered all the factors which the reported cases hold as appropriate to consider in establishing the amount of a bond undertaking and we cannot find that the trial court abused its discretion in fixing bail in these three causes. *See Ex parte Miller*, 631 S.W.2d 825 (Tex.App.— Fort Worth, 1982, pet. ref'd).

We affirm the judgment of the trial court.